NATHAN B. HASWELL v. VERMONT CENTRAL RAIL ROAD COMPANY.

*Rail Road. Deposite of land damages. Order of chancellor. Appeal.*

The Vt. Central Rail Road Co. took land in Burlington, under their charter, to which there were conflicting claims, and, upon petition to the chancellor, under the provisions of the statute of 1846, [Comp. St. 196,] were ordered to deposite in the Farmers' and Mechanics' Bank the amount of the land damages, as appraised by the commissioners, subject to the future order of the chancellor; and, upon petition subsequently preferred by one who claimed to be entitled to the money so deposited, the chancellor, upon notice given to the company, no adverse claimants of the fund appearing, ordered the money so deposited to be paid to the petitioner. And it was held, that the statute contemplated, that the proceedings before the chancellor, in reference to the deposite of the money, should be summary and final; and that, upon the petition being preferred by the claimant, the company had no interest in the question, and could not appeal from the order of the chancellor.

PETITION to the chancellor of the third judicial circuit, setting forth, that the Vermont Central Rail Road Company had taken certain land in Burlington, under the provisions of their charter, to which there were conflicting claims, and caused the damages to be duly appraised by the commissioners, and had been ordered by the chancellor, upon petition preferred by them pursuant to the provisions of the statute of November 3, 1846, to deposite the amount of the award in the Farmers' and Mechanics' Bank at Burlington, subject to the future order of the chancellor, and had deposited the money accordingly, and that the petitioner was rightfully entitled to the money so deposited, and praying, that an order be made for the payment of the money to him. Notice of the petition having been given to the company to appear before the chancellor at the office of Smalley & Phelps, in Burlington, on the sixteenth day of July, 1850, and show cause why the prayer of the petition should not be granted, the company appeared, and a hearing was had, and, no adverse claimant to the fund appearing, the chancellor decided, that the petitioner was legally and equitably entitled to a certain portion of the fund, and ordered that part to be paid to him accordingly. From this order the corporation appealed.

In the supreme court the petitioner moved to dismiss the appeal, for the reason that no appeal could be taken from such order of the chancellor.

*D. A. Smalley* for petitioner.

*J. Maeck* for defendant.

The opinion of the court was delivered by

REDFIELD, J.   The question now to be determined is, whether this case can be entertained in this court, upon the present appeal. This includes the inquiry,—

1. Whether, under the statute conferring this power upon the chancellor any appeal can be had in any case.   It seems to us, that the purpose of the statute was to give railroad companies a certain and expeditious mode of relieving themselves from any further responsibility in the matter by depositing the money, according to the order of the chancellor; and that, so far as the mere order of deposit of the money was concerned, it was intended to be summary and final.   The object of the application and of allowing the deposit is to give the companies a more expeditious mode of acquiring title to the land.   And the form of the proceeding, being by petition, indicates, that it was not expected to be by bill and answer in the common course of proceeding in the court of chancery.   And the practice in this case, and in other cases under the statute, so far as we know, has been in accordance with this view.

2. It seems to us, that the manner of this proceeding is such, that it must be regarded as a matter within the summary jurisdiction or discretion of the chancellor, if it be in conformity with the statute. The general laws of the state only allow an appeal from the chancellor upon a final decree, and such decree is required to be made at a regular term of the court, or an adjournment from such term. This proceeding is clearly not of this character.   If it is the proceeding contemplated by the statute, it does not seem to us, it could have been intended to be subject to appeal; and if it be not such a proceeding as the statute contemplates, it will conclude the rights of no one and for that reason should be dismissed.   If the statute contemplated a proceeding by bill and answer, then here has been no

such proceeding and no such decree, as the statute requires, and it is therefore a mere nullity and should be dismissed for that reason. In either of these views, it seems difficult to hold, that it comes within the appropriate sphere of our duties, to hear and determine this matter, as to the rights of the respective claimants to this fund. In the particular claim, which was under consideration before the chancellor, there is nothing to show, that there is any adverse claim. From all that does appear, it would seem probable, there is no such claim.

As a general thing, where a fund *is* to be distributed according to the order of a specified person, the order of such person is considered sufficient warrant for the depositary to act upon. In regard to this class of cases, it is not important here to inquire, how far a regular chancery proceeding by bill and answer would be regarded as appropriate. That is the least, which would induce the court to entertain an appeal in the matter. But it may not be improper to say, that it does seem to us desirable, where any such matter is finally to be determined, and where there may be adversary claims, either to give some kind of general notice, by publication, or to take security by way of bond, that the money shall be refunded, in case other persons should show, in the opinion of the chancellor, superior claims.

3. Finally, it seems to us, that the defendants, although cited in by the claimant, were not bound to appear, and that, having no interest in the matter, they could not properly bring the case here by appeal.          The case is dismissed from the docket.