## NATHAN B. HASWELL *v.* FARMERS AND MECHANICS' BANK.

### *Assumpsit for Interest.*

The Vt. Central Railroad Co. took land in Burlington, under their charter, to which there were conflicting claims, and, upon petition to the chancellor, under the provisions of the statute of 1846, [Comp. Stat. 196,] were ordered to deposit in the Farmers and Mechanics' Bank the amount of land damages, as appraised by the commissioners, subject to the future order of the chancellor; and, upon petition subsequently preferred by Haswell, the plaintiff, who claimed to be entitled to the money so deposited, the chancellor, upon notice given to the company, in July, 1850, ordered the money so deposited to be paid to said Haswell, the plaintiff; from this order the said company appealed, and said appeal was duly entered upon the calendar of this court; and at the May term, 1851, *it was held* that said company could not appeal from the order of the chancellor, and the case was dismissed from the docket. The present suit was brought to recover interest, on the money so deposited, of the defendants; under the foregoing facts, *it was held*, that the defendants were mere depositaries and not chargeable with interest on the money, and that on general principles, this suit cannot be sustained.

It was also *held*, that though the order and decree of the chancellor, was not probably vacated by the appeal of said company, as it was improperly allowed, and was properly dismissed by the Supreme Court; still it affords a reasonable excuse for the defendants in not paying over the money, even if demanded, during the pendency of the appeal, as no decree had been made by the chancellor, which he himself treated as a final order in the case.

Assumpsit, for interest.   Plea, general issue, and trial by the court.

On the trial, the plaintiff offered in evidence a petition, dated July 9th, 1850, in favor of the plaintiff, addressed to M. L. Bennett, chancellor, and an order made by said chancellor, on the 20th day of July, 1850, on the defendants, directing them to pay the plaintiff the sum of $———, being the sum awarded by the commissioners of the Vt. Central Railroad Co., for certain land damages claimed by said plaintiff of the said company, and found by said chancellor on the hearing of said petition to belong to the plaintiff.

It was admitted by the parties, that said commissioners made such award, and that said company made petition to said chancellor, under the statute of 1846, [Comp. Stat. 196,] and that said chancellor made an order thereon, which was complied with by said company, and the money deposited with the defendants, on the 7th day of February, 1850.   That on said 20th day of July, 1850, after the making said order to pay said money to the plaintiff, the said company prayed for an appeal, from said chancellor's decision, to the next term of the Supreme Court in this county, which said chancellor allowed, and said appeal was duly entered in said court, and was dismissed, as will appear by the report of the case on page 228 of the 23d volume of Vermont Reports.

It also apeared from other evidence, and the court found the following facts : That shortly after the 20th day of July, 1850, Mr. Smalley, the attorney of Mr. Haswell, called on Mr. Warner, the Cashier of said Bank, at the Bank, and told him Judge Bennett had made such an order, (to pay said money to Haswell,) but at the same time told him that the chancellor had allowed an appeal from such order, (though the chancellor said he thought it was not appealable,) and asked Mr. Warner if he would pay the money over.   Warner said he would if the Railroad Company would order it paid.   That Smalley soon after saw Warner, and Warner told him that said company refused to have it paid over.

That at the time Mr. Smalley called on Mr. Warner, as above stated, he did not present any order from the chancellor for the payment of the money; nor did it appear that such order was ever presented at the Bank, until the time when the principal was paid over; nor did it appear that the Bank ever objected to pay

over the money, for the reason that such order was not presented.

That after the appeal was dismissed the plaintiff called upon Mr. Warner, as Cashier, and he paid over the amount of the award, but refused to pay any interest on the same, though interest was demanded by plaintiff.

That when said money was paid over, the plaintiff presented to said Bank the decretal order of said chancellor, and the dismissal of said appeal, signed by the clerk of the Supreme Court of this county, and that said plaintiff receipted the payment thereon; and that said decretal order was for the amount so ordered to be paid by said chancellor on said 20th day of July, 1850, and that said record and receipt thereon had been consumed by fire.

On this evidence, the defendants insisted that the plaintiff could not recover; but the County Court, September Term, 1852,—POLAND, J., presiding,—rendered judgment for the plaintiff to recover the interest due on the sum ordered to be paid, by said order of the 20th day of July, 1850, from said 20th day of July, up to the time of payment thereof by said defendants, and interest on said interest since.

Exceptions by defendants.

*Phelps & Chittenden* for defendants.

Interest is not recoverable except upon a contract express or implied to pay it, or as damages for the unreasonable detention of money which the party is bound to pay. *Evarts* v. *Nason's Estate*, 11 Vt. 122. *Abbott* v. *Wilmot*, 22 Vt. 437. *Wood* v. *Smith*, 23 Vt. 706. In the present case there was no contract whatever, and no privity between the bank and the plaintiff, much less any agreement to pay interest. The bank was a mere depositary of the money under a statute provision.

It was the duty of the Bank to retain the money until appropriated by order of the chancellor. The appeal allowed by the chancellor vacated, or at least suspended the order until the appeal was disposed of. And though it was ultimately held that the order was not subject to an appeal, the allowance of it was sufficient to protect the Bank in retaining the money until the proceedings were terminated.

The Bank acted in good faith. Had they paid before, it would have been at their own risk. It would be unreasonable to require

them to overrule the action of the chancellor upon a question entirely new.

*D. A. Smalley* for plaintiff.

It is a clear principle of law in our state, that interest is due for the detention of money, which the party ought to pay. *Newell* v. *Exr. of Smith,* 11 Vt. 219. *Abbott* v. *Wilmot,* 22 Vt. 437. The general principle has long been settled in this country, that if a debt ought to have been paid at a particular time, and is not paid through the default of the debtor, interest is due on the same from that time. 1 Am. Lead. Cases 347. *Sellick et al.* v. *French,* 1 Con. 32.

And the defendants were liable to pay interest on interest, from the time they paid the principal to the time judgment was rendered in this suit, by way of damages, as the interest was due, as well as the principal, at the time they paid the principal. *Catlin* v. *Lyman et al.,* 16 Vt. 44.

Haswell presented the chancellor's order of July 20th, 1850, and the dismissal of the appeal, which was all that he could present. The decretal order was not for interest, as no interest was due when the order was made. But the case shows that the plaintiff demanded interest, and the defendants refused to pay it, and there has been no delay in claiming it, as the commencement of this suit shows. We think the case in the 22 Vt. 437, is an authority for us.

The opinion of the court was delivered by

ISHAM, J. We think the defendants are not chargeable for the interest, for which this suit is brought. A claim for interest must rest on one of two grounds; either upon a contract express or implied, or as damages for some wrongful act or default in the payment of that which is due another. The liability to pay interest as damages, rests upon a principle distinct from the liability to pay interest as a compensation for the use of money. 1 Am. Lead. Cases 496, (note.)

There is no pretence in this case, that the defendants are liable for this interest on any contract, nor from the consideration that they have derived any benefit from the use of the money.

The principal, on which interest is demanded, arose from an as-

sessment of Railroad Commissioners, and was deposited in the Bank under the directions, and subject to the order of the Chancellor. Comp. Stat. 196 § 25. When money is thus deposited, it is placed in the custody of the law, and cannot be recovered by, or paid to any one, until the order of the chancellor to that effect is made. The defendants were mere depositaries of the money without reward, and are no more chargeable with interest on that sum, than is a trustee, by the mere fact of having the money of the *cestui que trust* in his hands; or a mere receiver, bailee, or stake-holder, in whose hands money remains ready to be paid over. In all these cases, they are not chargeable with interest unless a benefit has been derived from the use of the money, or they, in some way, are placed in fault. " The question turns on the fault of the party." *Dodge* v. *Perkins,* 9 Pick. 369, 386. 1 Am. Lead. Cases, 499, 510. *Hooper* v. *Brinton,* 8 Watts 73.

It appears from the case, that an order for the payment of this money to the plaintiff was made by the chancellor on the 20th of July, 1850. If no appeal had been allowed, and a legal demand had been made, the defendants would have been chargeable with interest, on their neglect or refusal to pay the money as directed by the chancellor. The Vt. Central Railroad Co. however, who were one of the parties to that proceeding, requested and were allowed by the chancellor an appeal from that order and decree, to the next term of the Supreme Court, and in pursuance of that appeal, the case was duly entered upon the calendar of that court. *Haswell* v. *Vt. Central Railroad Co.,* 23 Vt. 228.

The order and decree of the chancellor was not probably vacated by that appeal, as it was improperly allowed, and was properly dismissed by the Supreme Court; yet during the pendency of that appeal and while the parties to that proceeding were contesting their rights, and the propriety of that order of the chancellor, it should be considered and treated as a suspension of that order until the appeal was finally disposed of. It will afford a reasonable excuse for the defendants in not paying over the money, as no decree had been made by the chancellor, which he himself treated as a final order in the case. It fully appears, that the defendants were at all times ready to pay the money to any one, when they could do it with safety to themselves. It so appears, at the time when they were called upon by Mr. Smalley, and from the

fact that the money was paid immediately after the appeal was ended and dismissed. It would be unreasonable to require these defendants to assume the risk and responsibility of paying over this money, while the parties were contesting the propriety of that decree ; and since the chancellor himself has allowed and permitted the appeal to be taken and prosecuted. Under such circumstances, they cannot be chargeable with interest on that money until after such an order for its payment has been made, as the chancellor shall treat as his final order in the case, and which will afford the Bank such a voucher for its payment, as will free them from all risk and responsibility in making it. Without deciding other objections which have been made, we think, on general principles, that this suit cannot be sustained.

. The judgment of the County Court is reversed, and the case remanded.