Grády and another vs. Northwestern Loan & Investment Co.

GRADY and another, Appellants, vs. NORTHWESTERN LOAN & INVESTMENT COMPANY, Respondent.

*April 15 — May 1, 1896.*

*Orders: Recitals: Presumption: Condemnation of land: Conflicting claims to award..*

1. It will be assumed that an order reciting the facts found is in compliance with Circuit Court Rule XI, sec. 6 (requiring reference to all the papers, etc., used by either party on the application), and hence that it is based entirely upon the facts so recited.

2. The recitals of an order made in condemnation proceedings, which fail to state by whom such proceedings were instituted; when the person or corporation which obtained the easement by virtue. thereof entered and took possession of the lands condemned; whether such entry was wrongful or with the express or tacit consent of the then owners; or who such owners were at that time,— are *held* insufficient for a determination as to which of several claimants is entitled to the compensation.

[3. Whether conflicting claims to the compensation which may or may not be recovered subsequently in condemnation proceedings can be determined in advance of such recovery, under sec. 1850, R. S., not decided.]

APPEAL from an order of the circuit court for Douglas county: R. D. MARSHALL, Circuit Judge. *Reversed.*

*Carl C. Pope,* for the appellants.

*Thos. W. Shackleford,* for the respondent.

Grady and another vs. Northwestern Loan & Investment Co.

CASSODAY, C. J.. This is an appeal from an order, and the facts found are incorporated in the order, and are to the effect that January 5, 1889, the premises described belonged to Patrick and John Fay in fee; that they on that day conveyed the same to the plaintiffs, and took back a mortgage thereon for $3,000; that November 4, 1889, the plaintiffs conveyed the premises to one Hale, subject to the $3,000 mortgage, and took back from Hale a mortgage thereon for $7,000; that February 20, 1890, Hale conveyed the premises to the defendant, subject to both mortgages mentioned, which the defendant thereby assumed and agreed to pay, and Hale at the same time took back from the defendant a mortgage thereon for $5,000; that August 26, 1891, commissioners were appointed in certain condemnation proceedings by or against the Superior Belt Line & Terminal Railway Company; that September 1, 1891, the commissioners filed their award, fixing the damages in the aggregate at $1,059; that December 29, 1891, the railway company appealed from said award; that no part of the award had been paid into court, or otherwise paid, but the matter of the appeal from said award was still pending and undetermined; that the plaintiffs foreclosed the $7,000 mortgage by advertisement, and the land was sold by the sheriff to the plaintiffs, March 22, 1892, for $5,693.75; that March 25, 1893, the sheriff gave a deed thereon to the plaintiffs; that September 8, 1892, judgment of foreclosure and sale was entered on the Fay mortgage of $3,000; that November 7, 1893, the premises were sold thereon to the plaintiffs for $2,996.62; that said sale was duly confirmed by the circuit court, and the deed of conveyance executed and delivered to the plaintiffs on said sale by the sheriff; that the several deeds and mortgages mentioned were duly recorded. Upon the facts stated, it was ordered and determined by the trial court that the amount awarded as aforesaid, or the amount which might thereafter be recovered against the railway company on the

appeal from said award, be paid to the defendant. From that order the plaintiffs bring this appeal.

The findings of fact recited in the order are conceded to be true. The only exception taken is to the conclusions drawn from those facts. The circuit court rule provides that "all orders of the court or a judge, whether granted *ex parte*, by default or otherwise, shall briefly refer to all the records, petitions, affidavits and other papers read or used by either party upon the application for the order." Rule XI, sec. 6. We must assume that the order in question complied with that rule, and hence that it is based entirely upon the facts therein recited. *Haseltine v. Metcalf*, 66 Wis. 216; *Mullen v. Reinig*, 68 Wis. 410. It appears from such recitals that the order was made in certain condemnation proceedings, but they fail to state whether they were instituted by the plaintiffs, or the defendant, or the railway company mentioned, or some other corporation or person. They moreover fail to state when the railway company or other corporation or person obtaining the easement by virtue of such condemnation proceedings entered upon and took possession of the lands condemned; or whether such entry and possession were wrongful, or with the express or tacit consent of the then owner or owners; or who such owners were at that time. The facts thus not found nor recited, or at least some of them, are very important, and in fact controlling, in determining who is or will be entitled to the award. This sufficiently appears from adjudications of this court. *Neilson v. C. & N. W. R. Co.* 91 Wis. 557, and cases there cited; *Frey v. D., S. S. & A. R. Co.* 91 Wis. 309, and cases there cited. We cannot say, upon this record, that the defendant is entitled to whatever compensation may be recovered, or any part of the same. Besides, it appears that the appeal from the award is still pending and undetermined. Of course, no one can tell in advance what the determination will be, nor whether there will be any fund for distribution.

Whether conflicting claims to compensation which may or may not be recovered subsequently can be determined in advance of such recovery, under sec. 1850, R. S., it is unnecessary here to determine.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law, and without prejudice by reason of this decision.

MARSHALL, J., took no part.