John P. Davidson v. Texas & New Orleans Railway Company.

Decided April 15, 1902.

1.—Eminent Domain—Railroads—Collateral Attack on Condemnation Proceedings.

In a suit against a railway company for land of which it had obtained possession under condemnation proceedings still pending on appeal, plaintiff can not urge that the company, after instituting such proceedings, had changed its route so as to include the land, and without the consent of the Railroad Commission, since such a matter is only an irregularity, included in the condemnation proceedings, and therefore can not be raised in a collateral attack thereon.

2.—Same—Condemnation in Lump—Title and Apportionment of Damages.

A railway company seeking to condemn land may make all parties claiming an interest in the land parties to the proceedings, and contentions between such parties as to their respective shares in the damages awarded, being dependent on questions of title, must be settled in another action among themselves and in another tribunal than the county court.

3.—Same—Due Compensation—Constitutional Law.

The statute authorizing a railway company pending an appeal in condemnation proceedings brought by it, to take possession of the land upon paying costs and depositing in court the damages awarded, and giving bond, is not in violation of the constitutional provision inhibiting the taking of private property for public use without due compensation made therefor. Gen. Laws 1899, p. 105; Const., art. 1, sec. 17.

Appeal from Nacogdoches. Tried below before Hon. Tom C. Davis.

*Ingraham, Ratcliff & Huston,* for appellant.

*Baker, Botts, Baker & Lovett* and *Watts, Chester & Ellison,* for appellee.

GILL, Associate Justice.—The appellant, John P. Davidson, brought this suit against the Texas & New Orleans Railroad Company, a railway corporation duly incorporated under the general laws of the State of Texas, to recover possession of certain lands described in the petition and for the damages actual and exemplary alleged to have resulted from its wrongful appropriation by the railroad company.

The court sustained general and special demurrers urged by defendant against the petition, and the plaintiff refusing to amend the action was dismissed. From the judgment of dismissal the plaintiff prosecutes this appeal. The pleadings of plaintiff are lengthy, and a brief statement of their substance will answer the necessities of this opinion. The plaintiff alleged:

1. That he was the owner of certain lands situated in the town of Nacogdoches. That it was of the value of about $3000, and its annual rental value $300.

2. That the land sued for comprised four tracts, the tracts adjoining each other. The first two being described in exhibit A attached to the petition and the second two being described in exhibit B.

3. That on the 28th of March, 1901, the railroad company filed with

the county judge of Nacogdoches County its petition to condemn the two tracts described in exhibit A, and on the date named the county judge appointed and swore three commissioners as required by law. In this proceeding the appellant and R. H. Lee, his tenant, were made defendants.

4. On the same day like proceedings were instituted against the two tracts described in exhibit B and appellant, his tenant Lee, Geo. F. Ingraham, and E. A. Blount were made defendants as owners or claimants thereof.

5. That Geo. F. Ingraham claims no interest in the lands and so testified before the commissioners, but that E. A. Blount has brought suit against appellant for the lands described in exhibit B, though appellant is the owner and was in possession at the date of the institution of the suit by Blount.

6. That due notice was had in the condemnation proceedings and the cause was tried before the commissioners and decided on April 5, 1901. In the proceeding involving the land described in exhibit A they awarded damages in the sum of $375, and for those mentioned in exhibit B the sum of $800, and on the following day the railway company deposited with the county clerk $750 in the first case and $1600 in the second case.

7. That thereafter within the time prescribed by law the cases were appealed by defendant to the County Court and are there now pending.

8. That in neither of said causes is there any separate finding as to the amount due each defendant. That in the first case the money is deposited to the joint order of appellant and R. H. Lee, and in the second case it is deposited to the joint order of Lee, Blount, Ingraham, and appellant.

9. It is averred that the railroad company as to the deposit of money and the execution of bonds fully complied with the Act of 1899 amending article 4471 of the Revised Civil Statutes of 1895, and thereupon took possession of the lands. The amending Act of 1899 is set out in full in the petition, and assailed as unconstitutional in so far as it authorizes railway companies in condemnation proceedings to take possession of the premises sought to be condemned and proceed with the construction of the road prior to the final determination of the litigation. It is averred to be in conflict with section 17 of article 1 of the Constitution of this State.

10. That the railroad company acquired no rights under the condemnation proceedings, because other parties were made defendants in connection with appellant when he alone was the true owner. That he can not secure in those proceedings an adjudication of the question of ownership as between himself and his codefendants, and that as the money is deposited to the order of the defendants in those proceedings he can not have same paid over to him except at the end of another litigation between himself and his codefendants.

11.   That the railroad company previous to the institution of these condemnation proceedings had through the aid of the citizens of Nacogdoches, by consent of parties and by condemnation proceedings, procured and established for its proposed line a right of way through the town over a different course than that now proposed.   That it partially graded and fenced same and selected and designated their depot grounds.   That the route first selected ran through other property of this appellant. That without the consent of the Railroad Commission of Texas the company is now changing its line so that in some places it is 300 feet from the first route, and that the condemnation proceedings complained of are for the purpose of securing to it the second route.

Appellant prays for possession of the property, for injunction restraining the company from further interference therewith, and for damages actual and exemplary.

The sufficiency of these allegations were questioned by general demurrer and special exceptions, and the disposition of the case has already been stated.   Appellant assigns as error the action of the trial court in sustaining the general demurrers and each special exception, the latter being addressed to no defect in the petition as to form and being urged only as so many reasons why the general demurrer should be sustained.   The assignments are grouped and treated together by appellant, and his four propositions made thereunder present the grounds upon which he hopes to secure a reversal of the judgment.   They are as follows:

"1.   The County Court had no authority to try the question as to which of the defendants, John P. Davidson or E. A. Blount, owns the land.

"2.   The act of the Legislature amending article 4471 of the Revised Statutes of 1895 is unconstitutional and void in so far as it attempts to give possesion of the land before the just compensation mentioned in article 1, section 17, of the Constitution of the State has been finally determined and settled by judicial decree ending the litigation in the given case.

"3.   No railroad company has the right to change its line through any city or town except upon the written order of the Railroad Commission of the State of Texas.

"4.   No railroad company has the right to change its line in such a way as to abandon any station or depot except upon the written order of the Railroad Commission of the State."

The petition discloses that this suit is a collateral attack on the validity of condemnation proceedings mentioned therein as pending and undisposed of.   Hence it follows that such questions as could be disposed of in those proceedings and which involves mere irregularities can not be determined on this appeal.   The matters involved in appellant's third and fourth propositions are of this nature.   So also is the complaint that the court failed to apportion the sum adjudged between the appellant, his lessee, and the other claimants.   In proceedings insti-

tuted by railway companies for the condemnation of land there can be but two issues,—first, the right to condemn; second, the amount of compensation.

The judgment in such a proceeding would be res adjudicata of these issues. If the trial court in disposing of them committed errors, appellant has his remedy by appeal. Such errors would not render the judgment void, and unless corrected by appeal or writ of error the judgment of pendency of the proceedings would be a complete bar to an action of this sort unless for some other reason the proceedings were open to collateral attack. These principles are too well settled to require extended discussion or citation of authority in their support.

But under the first proposition the validity of the proceedings is assailed on the ground that the railway company instead of ascertaining the true owner and making him alone the defendant, made several alleged claimants defendants, thus precipitating the appellant into litigation and driving him to another suit for the determination of his right to the fund, and that the deposit in satisfaction of the award and to secure the right of immediate possession was not made to the order of this appellant but to the joint order of the defendants. Appellant also complains that the county court having no jurisdiction to settle the question of ownership to land, he must go into the district court to vindicate his rights, and therefore his property has been taken without compensation first made or deposited for his benefit.

We understand from the averments that the deposit was made in compliance with the statute and subject to the order of the court for the benefit of the actual owner when ascertained. It should be borne in mind that the only purpose of the proceeding so far as the railroad company is concerned is to secure by condemnation an easement for right of way over the land sought to be appropriated. If an agreement can not be had with the owner, this can be accomplished only by a strict compliance with the provision of the statutes regulating the proceedings.

With the question of title the plaintiff in the case has nothing to do, for by the institution of the suit it is conceded that the title is not in the company, but in the owner or owners made defendants, as their interests may be disclosed as between themselves. Galveston Railway v. Mud Creek I. A. and M. Co., sec. 393, and authorities cited. In one sense the company must designate the owner at its peril, but not in the sense contended for by appellant. That is to say, all persons must be made parties defendants whose interests it is necessary to preclude by the judgment. Else if the company failed to make the true owner a party it might be compelled at the suit of the true owner again to make compensation for the damage done.

For this reason the company may join as defendants all claimants to the property sought to be condemned, not for the purpose of determining the question of title arising among themselves (for that question must necessarily arise sooner or later independent of the act of the railway company) but in order to give all claimants of an interest in the

property an opportunity to be heard on the issues of the right to condemn and the amount of damages to be awarded. Railway v. Mahoney, 29 Cal., 112; Lewis on Em. Dom., sec. 616; Board of Comrs. v. Lahore, 37 Kan., 480; Railway v. Stroud, 45 Ark., 279; Haswell v. Railway, 23 Vt., 228. This was the practice in Railway v. Jackson, 50 N. W. Rep., 123, and Grady v. Loan Co., 67 N. W. Rep., 34.

While the tribunal upon which is imposed by law jurisdiction to determine proceedings of this nature is special, the trial is governod by the ordinary rules of law controlling the trial of causes. In many States the right to make opposing claimants' parties is conferred by statute. But it seems to us this right exists in the absence of special provision and is a necessary incident to the right to condemn, for it would be idle to confer the power to condemn and at the same time so restrict the right as to deny to the railway company a judgment which would protect its possession and protect it against a double recovery, and our statutes governing the proceeding when the object to be accomplished is considered, is fairly susceptible of the construction we have placed upon them. If the rule were otherwise the construction of vast enterprises in which the public have an interest might be indefinitely arrested. Situations would arise in which the company could not move in condemnation until opposing claimants were pleased to put their claims to the test by litigation between themselves.

The soundness of and necessity for this rule seems to have been incidentally recognized by our Legislature, for among other provisions governing condemnation proceedings a railway company is authorized to proceed against unknown owners, nonresident owners, and legal representatives of the estates of decedents. Rev. Stats., arts. 4454, 4455. If the owners are unknown the extent of their interests must also be unknown, and when afterwards they appear to claim the funds their respective interests must be determined in some tribunal of competent jurisdiction. Where the heirs of a decedent are the only legal representatives, questions as to the extent of their respective interests must necessarily arise. It is apparent that the purpose of the Legislation was to allow the company to proceed without reference to these conflicting claims.

While there is a vast amount of judicial decision upon the questions arising out of proceedings to condemn, and while those upon the right of the plaintiff in condemnation to take possession on deposit of money into court before final determination are in hopeless conflict and confusion, they are in practical accord upon the question under discussion.

It is unnecessary for us to concern ourselves with the question of the power of the county court to determine conflicting claims depending upon the question of title. If that court has not such power, the matter can be determined in the district court by a proceeding properly instituted, and by an appropriate writ the fund deposited can be held in

the registry of the court until the true owners are judicially ascertained and the extent of the various interests adjusted.

The fact that the payment of the fund to the true owner may be thus delayed does not affect the question of compensation before taking, for the taking after all is against the true owners or parties in interest. The fact that the fund becomes involved in litigation is not the fault of the railway company. It has discharged the burden imposed by law when it establishes its right to condemn, gives the true owner an opportunity to be heard on that issue and the issue as to the amount of compensation, and complies with the law governing the deposit of funds in court.

The owner has no right to complain that rival claimants are made parties. The company pays the costs, and if in order to render the judgment conclusive it sees fit to give them the right to be heard, it should be permitted to do so.

The question remaining for our consideration is contained in appellant's second proposition set out above, and involves the constitutionality of the Act of 1899, supra. Prior to the passage of that act our statute expressly forbade the company to enter upon and appropriate the land condemned without first having paid whatever amount of damages and costs may have been awarded or adjudged against it. Rev. Stats., art. 4471.

In construing this statute the court in Crary v. Port Arthur Channel Company, 45 Southwestern Reporter, 844, held that the privilege of possession could be exercised only upon the final determination of the proceedings in condemnation and payment or deposit of the amount finally awarded, and that such a deposit pending appeal would not secure the right of possession.

In response to this and other like decisions the Act of 1899 was passed empowering a railway company, pending appeal, to take possession of the property sought to be condemned upon payment into the registry of the court of a sum of money in double the amount of the award, together with bond for costs, etc. Section 17, article 1, of the State Constitution, in so far as applicable to the point under discussion, is as follows: "No person's property shall be taken, damaged, or destroyed for or applied to a public use without adequate compensation being made, unless by consent of such person, and when taken, except for the use of the State, such compensation shall first be made or secured by a deposit of money."

Prior to the passage of this act the Legislature had not exercised its power to designate the person with whom the deposit should be made. However, it was held in Ackerman v. Huff, 71 Texas, 320, that a deposit with the clerk satisfied the requirement of payment in advance of possession. Courts should not declare a statute unconstitutional unless its invalidity appears beyond a reasonable doubt. A legislative construction of a constitutional provision is accorded much weight.

As stated in a previous part of this opinion, the decisions are in hopeless conflict and confusion on the question of the effect of deposits in

satisfaction of an award and what amounts to such payment as will authorize possession. This conflict is largely due to the fact that the courts have seldom undertaken to rest their decisions upon any broad principle, but have based their conclusions upon the peculiar wording of constitutions and statutes. We shall therefore not undertake to review the authorities, but shall content ourselves with the citation of a few well considered cases which appear to us to be in point.

Mr. Lewis in his work on Eminent Domain, section 580, says: "Statutes authorizing deposit and possession pending appeal are uniformly upheld by the court." In Railway v. Brick Company, 85 Missouri, 307, the right was upheld under a constitutional provision similar to our own. The Supreme Court of Iowa announced a like doctrine under a constitutional provision apparently more restricted. Peterson v. Feruby, 30 Iowa, 327. See also Cherokee Nation v. Railway, 135 U. S., 641; Rothan v. Railway, 20 S. W. Rep., 892; Spring Valley Waterworks v. Drinkhouse, 30 Pac. Rep., 218. In Railway v. Telegraph Company, 1 Texas Court Reporter, 1, the terms of the act in question were enforced and upheld, but its constitutionality was not assailed. The contention of appellant can not be sustained.

We are of opinion that appellant's assignments of error as construed by his propositions present no reason why the judgment of the trial court should be disturbed, and it is therefore affirmed.

*Affirmed.*