JOHN S. GREGORY v. THOMPSON'S SAVINGS BANK.

Decided February 5, 1903.

**1.—Appeal—Interlocutory Order—Dismissal.**

An order overruling a motion to dismiss a remanded case for the reason that the mandate was not taken out within twelve months, being interlocutory, can not be appealed from.

**2.—Same—Mandate—Taking Effect of Act.**

The Act of April 10, 1901, requiring the mandate to be taken out in cases reversed and remanded, took effect ninety days after the adjournment of the Legislature, and not on the date of its approval.

Appeal from the District Court of Galveston. Tried below before Hon. William H. Stewart.

*J. S. Gregory,* for appellants.

*R. H. & A. S. Tierman* and *Fickett & Brinker,* for appellee.

GARRETT, CHIEF JUSTICE.—On a former appeal in this case on November 22, 1900, the judgment of the court below was reversed and the cause remanded for another trial. The mandate of this court did not issue until July 7, 1902. After the mandate had been filed the appellant, who was the defendant in the lower court, made a motion to dismiss the case for the reason that the mandate was not taken out within twelve months. From the order of the court overruling the motion this appeal has been prosecuted. No appeal can be entertained by this court except from a final judgment, and as the order of the court below was interlocutory, the appeal will be dismissed for the want of jurisdiction. But the question sought to be raised by the appeal has since been decided by the Supreme Court adversely to the contention of appellant. Scales v. Marshall, 6 Texas Ct. Rep., 116. It was whether the act of the Legislature of April 10, 1901, requiring the mandate to be taken out in cases reversed and remanded within twelve months from the date of its passage took effect on the date of its approval or ninety days after the adjournment of the Legislature.

*Dismissed.*