## WILLACY COUNTY WATER CONTROL & IMPROVEMENT DIST. NO. I v. FAWKES et al.

### No. 9487.

Court of Civil Appeals of Texas.
San Antonio.
May 30, 1934.

Rehearing Denied June 13, 1934.

A. B. Crane, R. F. Robinson, and J. G. Foster, all of Raymondville, for appellant.

R. S. Dorsett, of Raymondville, for appellees.

FLY, Chief Justice.

Appellant instituted this suit against appellees for taxes levied by it in the sum of $719.78, and appellees filed an answer consisting of general demurrer and general denial and a special plea in regard to the manner and method of assessing property in the water improvement district. Appellant sought a continuance on the ground of the absence of one W. A. Harding, the importance of whose testimony is not denied by appellees. The court overruled the motion for continuance, and appellant then asked permission to take a nonsuit and dismiss the cause from the docket of the district court. The motion to dismiss was overruled by the court, and appellant was forced into a trial of the cause.

The propriety and legality of the action of the district judge in refusing to allow the plaintiff to dismiss his suit is the only question of importance to be considered in this case. It is clear that the court exceeded his authority when he denied appellant a right to which, so far as has been brought to the knowledge of this court, has never been denied in a court of justice. Appellees had filed no cross-action and were not setting up any independent rights which they desired to have redressed by judgment in their favor. They merely set up a defense to the action of appellant and had no right to demand that appellant be held in court and prosecute a suit which the court had apparently broken down by a refusal to grant a continuance. It was clearly an error for the court to refuse a dismissal of the cause when sought by appellant.

The judgment will be reversed, and judgment here rendered that the cause of action be dismissed and that costs in the lower court up to the time of the attempt to dismiss be assessed against appellant, and all other costs of that court and this be assessed against appellees.

Reversed and rendered.

### On Motion for Rehearing.

SMITH, Justice.

In their motion for rehearing appellees urge that appellant waived its right to complain here of the refusal of the trial court to grant its motion for nonsuit, by failing to give notice of appeal, and by failing to appeal from the order refusing to dismiss, and by participating in the trial forced upon it following the refusal to dismiss. There is no merit in this contention.

The order denying the motion for nonsuit was an interlocutory order, and was not appealable, and appellant's first opportunity to present the matter here was in the appeal from the final judgment which resulted from the order denying dismissal.

In denying appellant its right to a non-

suit the trial court sought to justify the ruling by showing that appellant was offered, but refused, a temporary delay, to enable it to get ready for trial. This was no justification for denying to appellant its right to a nonsuit, to which it was entitled as a matter of law, without regard to its reasons for requesting it.

Appellees' motion for rehearing is overruled.