## REEVES v. RAILROAD COMMISSION OF TEXAS et al.

### No. 8219.

Court of Civil Appeals of Texas. Austin.

Oct. 10, 1934.

McCLENDON, Chief Justice.

Appeal from interlocutory orders temporarily enjoining appellant from drilling an oil well without a permit from the Railroad Commission, and in violation of the spacing rules of the Commission.

The suit was by the Railroad Commission against appellant, and a temporary injunction was granted on July 13, 1934. On July 16, 1934, Ralph E. Fair, Inc., the owner of a contiguous oil and gas lease, was permitted to intervene, and was granted a like temporary injunction, conditioned upon filing an injunction bond in the sum of $2,000. On July 24, 1934, intervener filed an amended petition and prayer for a temporary injunction. In the meantime no bond had been filed under the order of July 16th. A further order granting intervener a temporary injunction upon this amended petition was entered on July 24, 1934, no reference being made to the previous order. This order also required a $2,000 injunction bond; and on July 25, 1934, intervener filed the required bond. On July 28, 1934, appellant filed his appeal bond, purporting to appeal from the orders of July 13th and July 24th, and also from an order overruling a motion to dismiss plaintiff's suit and intervener's intervention. The record was filed in this court on August, 10, 1934.

Manifestly, we have no jurisdiction in the attempted appeal from the order overruling the motion to dismiss, since this was merely an interlocutory order, the right of appeal from which is not given by any statute. Beacon Oil & Ref. Co. v. State (Tex. Civ. App.) 56 S.W.(2d) 519. Of the attempted appeal from the order of July 13th, which granted an injunction to the Railroad Commission, we acquired no jurisdiction, because the record was filed in this court more than twenty days after the entry of that order. R. S. art. 4662.

The record was also filed too late to effect an appeal from the order of July 16th, but since the bond requirement of that order was not complied with and a like order was entered on the amended petition on July 24th requiring a like bond, which was filed the following day, it may be that we should treat the order of July 16th as having been abandoned. The appeal is, of course, in time for the order of July 24th.

The record, therefore, presents this situation: Appellant is temporarily enjoined from drilling under an order of the Railroad Commission, as to which injunction we have no jurisdiction. An order in pari materia granted to the intervener is before us on appeal. If, upon hearing, we should decide

that this order was improperly granted, appellant would still be restrained under an order not properly before us from doing the same thing which the order properly appealed from restrains. The only purpose of a temporary injunction is to protect the rights of the parties pending a trial upon the merits. Manifestly, from the above statement this court is powerless to grant to appellant any relief which would be effectual, and therefore the questions presented are in effect moot, in so far as this appeal is concerned. The ultimate rights of the parties as developed upon a trial on the merits are, of course, not before us, and are in no wise affected by this appeal.

The appeal is dismissed; without prejudice, however, to any right the appellant may have to apply to the trial court for an order or orders dissolving the temporary injunctions.

Appeal dismissed.