**SHERRILL et al.**

v.

**BRAZOS RIVER TRANSMISSION ELECTRIC COOPERATIVE, Inc.**

No. 15463.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 27, 1953.

Rehearing Denied Jan. 15, 1954.

Gerald Stockard, Denton, Storey, Armstrong & Steger, Dallas, and Knox W. Sherrill, Dallas, for appellants.

Smith & Segrest, and Claude Segrest, Waco, for appellee.

RENFRO, Justice.

Condemnation proceedings were instituted by Brazos River Transmission Electric Cooperative, Inc., for an easement across land belonging to Charles W. Sherrill, K. W. Sherrill and wife, Blanche Sherrill. The condemnor appealed to the County Court from the Commissioners' award. The Sherrills filed a motion in the County Court to dismiss the appeal from the Commissioners' award and from an order overruling said motion have appealed to this Court. The condemnor has filed a motion in this Court to dismiss the Sherrills' appeal to this Court.

The Commissioners, on December 17, 1952, after due notice and hearing, awarded the Sherrills, who will hereinafter be referred to as appellants, $4,000 damages. On December 20th, appellants filed with the County Judge their written acceptance of the award. On December 26th, the appellee filed with the County Judge written objections to the award of the Commissioners. Appellee, on January 5, 1953, deposited with the County Clerk a voucher check in the amount of $4,000 "for the use of Charles W. Sherrill and K. W. Sherrill and wife, Blanche Sherrill, for the use of the payees in connection with appealed condemnation proceedings, Denton County" and, upon the same date, deposited with the Clerk another voucher check in the amount of $4,000 for the security of damages for the Sherrills. Appellant K. W. Sherrill, acting for all three owners, on January 6th demanded of the County Clerk of Denton County payment of the $4,000 deposited by the appellee. The Clerk declined to make the payment, whereupon appellants filed a written motion requesting payment of said amount, which said motion, on the 7th of January, was overruled by the County Judge. The appellants on the 6th notified appellee in writing they were unable to obtain payment of the $4,000 and demanded that appellee stay off the land. Appellee, however, on the same date went into possession. On the 20th of January, appellee deposited $25 in cash for accrued costs and filed a cost bond. On January 21st, appellants filed a motion to dismiss appellee's appeal from the Commissioners' award and supplemented said motion on April 9th. A hearing was had on the motion on May 7th and was by the court overruled; hence, this appeal.

The appeal is before us on twelve points of error, covering six pages of the brief, which appellants have substantially reduced to this succinct statement: "Appellee, by its act and conduct in taking possession of the easement after notice that the deposited award was not available to appellants, by securing an ex parte order for right of possession against appellants and their property, by failing to affirmatively take steps to make the deposited award available to appellants after notice that they were unable to secure same or pay same to appellants direct, by taking possession of said easement and right-of-way without payment of Court costs and filing bond as required by Article 3268 and by accepting the benefit of the right to take such possession under color of the condemnation proceedings, appellee is estopped to further contest the excessiveness of the commissioners' award, it having received everything sued for by it in the suit and appellants, as set forth in their motion to dismiss, are entitled to receive the deposited award of $4,000.00 and all further proceedings in the condemnation suit dismissed."

Appellants also contend the appellee showed lack of good faith in failing to deliver citations to the Sheriff on January 8, 1953, although issued on December 8, 1952.

Under the provisions of Article 3266, subd. 6, Vernon's Ann.Civ.St., if either party is dissatisfied with the decision of the Commissioners he may, within ten days after the same has been filed with the County Judge, file his objections thereto in writing, setting forth the grounds of his objections and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the County Court. Subdivision 7 of the same article provides that in case no objection is filed within the ten day period, the County Judge shall make the decision of the Commissioners the judgment of the Court.

■ The issuance of citation is not a condition precedent to the County Court's jurisdiction in an appeal from a Commissioners' award in a condemnation proceeding.

■ Jurisdiction attaches upon filing the required objection. The filing of the objection by the appellee converted the entire proceeding into a cause of action pending in the County Court to be tried and determined as in other civil causes therein. 16 Tex.Jur., p. 804, sec. 170; Milam County v. Akers, Tex.Civ.App., 181 S.W.2d 719, writ refused w. m.; City of El Paso v. Ward, Tex.Civ.App., 213 S.W. 2d 726; Kennedy v. City of Dallas, Tex. Civ.App., 201 S.W.2d 840; Thompson v. Martin County, Tex.Civ.App., 247 S.W.2d 585; Fitzgerald v. City of Dallas, Tex. Civ.App., 34 S.W.2d 682; American Tel. & Tel. Co. v. Peurifoy, Tex.Civ.App., 242 S.W.2d 233.

■ That appellee did not pay accrued costs and file a cost bond until January 20th did not affect its right to condemn, the provision for cost being for the benefit of the officers of the court. City of Houston v. Susholtz, Tex.Civ.App., 22 S.W.2d 537. The record shows that the cost was paid long prior to the time appellants filed their motion to dismiss the attempted appeal.

The appellants contend that under Article 3268, in order to take possession of the property, appellee was required to pay to the appellants the amount of the damages awarded or adjudged against it by the Commissioners or deposit the same in money in court "subject to the order of" the defendants. As heretofore stated, the money was deposited in court for the use of the defendants in the original proceeding.

The State Constitution, Article I, sec. 17, Vernon's Ann.St., provides that no person's property shall be taken unless such compensation shall be first made, or secured by a deposit of money.

It is clear from the record that the County Judge declined to order the $4,000 paid over to the appellants—not because of the manner in which it was paid into court—

but for the reason that the decisions are in conflict as to whether a condemnee is entitled to withdraw the award money pending a final determination of the proceedings.

The authorities are in direct conflict on the above question. Davidson v. Texas & N. O. R. Co., 29 Tex.Civ.App. 54, 67 S. W. 1093.

For authorities holding that the landowner is not entitled to the award until final determination of the cause, see Texarkana & Ft. S. Ry. Co. v. Brinkman, Tex.Civ. App., 288 S.W. 852, affirmed, Tex.Com. App., 292 S.W. 860; City of Rosebud v. Vitek, Tex.Civ.App., 210 S.W. 728.

The following authorities hold that the landowner has the right to withdraw the money: Housing Authority of City of Dallas v. Shambry, Tex.Civ.App., 252 S.W.2d 963; City of San Antonio v. Astoria, Tex. Civ.App., 67 S.W.2d 321, affirmed 128 Tex. 284, 96 S.W.2d 783.

The Court of Civil Appeals in Brazos River Conservation & Reclamation Dist. v. Allen, 166 S.W.2d 388, 394, held that the language of Article 3268 constituted a plain and unambiguous mandate that the deposit should have been delivered to the landowner, but the court added, " * * * if it be conceded that a legitimate difference of opinion may be entertained on that point, then it follows that the County Court is clothed with authority to determine the same so long as the condemnation proceeding is pending before it, and the District Court would have no right to interfere with that Court's determination of the question." The Supreme Court in the Allen case, 141 Tex. 217, 171 S.W.2d 847, did not pass on the above question but merely observed that an agreement had been made by the parties to the suit that the money would be retained by the County Clerk.

It is not contended by appellants that appellee did anything to prevent the County Judge from paying over the money but they argue it was the duty of appellee to do something affirmative to see that the County Judge paid the money.

We believe in the instant case the County Judge could order the money paid over to the appellants, but, still having jurisdiction of the case, his refusal to do so is not an appealable order.

The appellants argue that the appellee has received everything it asked for. We do not agree. The appellee has not received a trial de novo in the County Court on the amount of damages it should be required to pay to the appellants for the easement sought. This right it acquired in filing its objections to the Commissioners' award.

We do not agree with appellants' argument that the deposit "for the use of" instead of "to the order of" was such a failure to comply with the statutes as to void the condemnation proceeding, or estop the appellee from further proceedings. The County Court had acquired jurisdiction of the case upon the filing of the objections to the award. The depositing of the money into court was not a prerequisite to the appeal but was a prerequisite to taking possession of the land pending final determination of that appeal.

Even though the County Judge refused to pay the award to appellants, they are adequately protected by the $4,000 paid into court for their use and the additional $4,000 deposited in court to secure them against damage. Certainly the appellee cannot withdraw the $8,000 deposited from the County Clerk.

It is the contention of appellants that the order of the Judge refusing to pay the $4,000 to appellants is a final order and that fact, coupled with the actual taking of possession by appellee, constitutes a final judgment, from which they are entitled to an appeal.

In our opinion, the order entered is not a final judgment. The County Court still has jurisdiction of the condemnation suit and the amount of damages to be paid to the appellants. The order from which this appeal springs was an interlocutory order. The statute does not

provide for appeals from an interlocutory order of a trial court refusing to dismiss an appeal. Reeves v. Railroad Commission of Texas, Tex.Civ.App., 75 S.W.2d 155; Beacon Oil & Refining Co. v. State, Tex.Civ. App., 56 S.W.2d 519; Willacy County Water Control & Improvement Dist. No. 1 v. Fawkes, Tex.Civ.App., 72 S.W.2d 374; Gregory v. Thompson Sav. Bank, 31 Tex. Civ.App. 497, 71 S.W. 988. To be appealable, an order must possess the essential characteristics of finality. Texas & P. Ry. Co. v. Ft. Worth St. Ry. Co., 75 Tex. 82, 12 S.W. 977. Obviously no appeal lies from an order overruling a motion to dismiss a suit. 3–A Tex.Jur., p. 131.

We sustain the motion of the appellee to dismiss this appeal on the ground that no final judgment was rendered in the County Court. In the absence of such a judgment, this Court has no jurisdiction to revise the rulings made. For want of a final judgment, this appeal is dismissed.

Dismissed.