C. B. MOEHLMAN et ux., Appellants,

v.

The CITY OF BRYAN, Appellee.

No. 3233.

Court of Civil Appeals of Texas.

Waco.

March 3, 1955.

Rehearing Denied March 24, 1955.

Coulter Hoppess, Bryan, for appellants.

John M. Lawrence, III, Bryan, for appellee.

McDONALD, Chief Justice.

This is an action by C. B. Moehlman and wife against The City of Bryan arising out of the attempt on the part of the City of Bryan to take possession of a strip of land containing .85 of an acre out of the homestead of plaintiffs, to be appropriated and used for street purposes under the rights of eminent domain conferred by Title 52, R.C.S. of Texas, Vernon's Ann.Civ.St. Plaintiffs obtained the issuance of a temporary injunction, alleging that the proceedings in the County Court were void; also their petition alleged trespass to try title and prayed for a permanent injunction.

The Trial Court upon hearing dissolved the temporary injunction and dismissed plaintiff's entire cause of action. Plaintiffs appeal to this court on 2 Points: (1) That the entire proceedings in condemnation are void because of the disqualification of 2 of the Commissioners in Condemnation. (2) That the City had no right to enter into possession of the premises in question when the costs awarded against it had not been paid.

Plaintiffs' 1st Point contends that the entire condemnation proceedings are void due to disqualification of 2 of the Commissioners in Condemnation. The record reflects that the City and the owners failed to agree on Commissioners of Condemnation and that on 17 August 1954 the County Court appointed H. H. Williamson, Bassett W. Orr, and George D. Halsell as Commissioners in Condemnation; that they qualified and took the oath of office; issued notices of hearing, and on 30 August 1954 made a formal award. The record further reflects that on 2 September 1954 plaintiffs learned for the first time that 2 of the Commissioners, George D. Halsell and H. H. Williamson, were members of the official Board of Equalization for the City of Bryan—which was the condemning authority. The undisputed evidence shows that Halsell and Williamson had been appointed, qualified and served as members of the Board of Equalization for the City of Bryan for 1954, and that Halsell had served in such capacity during the years 1952 and 1953 as well. For their services during the year 1954 each was paid $200.

The Charter of the City of Bryan provides in part as follows:

"Section 43. Board of Equalization: There shall be appointed by the Board of Commissioners of the City of Bryan annually at their first meeting in April of each year * * * a Board of Equalization * * * The duties of this Board shall be to equalize the values of all property rendered for taxation in the City of Bryan. The Board of Commissioners of the City of Bryan shall prescribe by ordinance the time for the meeting of such Board of Equalization, the compensation of its members, and enact all ordinances necessary for the proper functioning of said Board of Equalization pursuant to the Charter and General Laws of this State."

The undisputed evidence reflects that Halsell and Williamson had never resigned or been replaced in their capacity as members of the City of Bryan Board of Equalization.

Article 3264 R.C.S. provides in Section 2: "* * * the county judge * * * shall * * * appoint three *disinterested freeholders* of said county as special com-

missioners to assess * * * damages * * * (in condemnation).

The question here presented for determination is whether or not Condemnation Commissioners Halsell and Williamson were rendered other than disinterested freeholders by virtue of their also holding the office of members of the Board of Equalization of the City of Bryan, which was the condemning authority. The City of Bryan contends that because the 2 members testified that they considered their work as members of the Board of Equalization completed prior to being appointed Commissioners in Condemnation, that they were "disinterested" and legally competent to serve as Commissioners in Condemnation in cases in which the City of Bryan was the condemning authority. The evidence reflects that numerous requirements and duties of the Board of Equalization had not been completed at the time of their appointment as Commissioners in Condemnation, and at the time of their hearing in the instant case.

■ We disagree with the contention of the City of Bryan, and believe that the members of the Board of Condemnation Halsell and Williamson were actually paid officials of the City of Bryan, and that they as a matter of law do not meet the requirement of Section 2, Art. 3264, in that they were not "disinterested freeholders", but on the contrary were interested officials of the condemning agency. The law in Texas is well established that the right of eminent domain is a harsh and unusual proceeding and that in the exercise of the right of eminent domain the statutes must be strictly complied with, and that the proceedings must be conducted in strict accordance with the statutes. Some of the authorities in accord with the foregoing rules are: 16 Tex.Jur. p. 700; Wilbarger County v. Hall, Tex.Com.App.1932, 55 S.W.2d 797, affirming Tex.Civ.App., 37 S.W.2d 1041; Williams v. Henderson County Levee Imp. Dist., Tex.Com.App.1933, 59 S.W.2d 93, denying rehearing of 36 S.W.2d 204, which modified Tex.Civ.App., 19 S.W.2d 197; State v. Miller, Tex.Civ.App.1936, 92 S.W.2d 1073;

Arcola Sugar Mills Co. v. Houston Lighting & P. Co., Tex.Civ.App.1941, 153 S.W.2d 628; Brinton v. Houston Lighting & P. Co., Tex.Civ.App.1943, 175 S.W.2d 707, error refused.

■ Applying the rules of law announced to the undisputed facts, we conclude that the Commissioners in Condemnation Halsell and Williamson were not such disinterested freeholders as are required by Section 2, Art. 3264, and for which reason the entire condemnation proceeding in Cause 87–A in the County Court of Brazos County must be and hereby is set aside, voided, and held for naught.

■ Plaintiffs' 2nd contention is to the effect that the City had no right to enter into possession of the premises in question until the costs awarded against it had been paid. The evidence reflects that while the award of the Commissioners had been paid into court, *that the costs had not been paid*. Article 3268 R.C.S. of Texas is explicit that if the condemning authority desires to enter upon and take possession of the property sought to be condemned pending litigation it may do so at any time after the award *only if the award and the costs awarded against it have been paid*. The City having failed to pay the costs, was not entitled to enter upon or take possession of the premises in question even had there been an otherwise valid condemnation proceeding (which there was not in this case). Sherrill v. Brazos River Transmission Electric Co-op., Inc., Tex.Civ.App., 263 S.W.2d 669, W. E. Ref. N. R. E.

From the foregoing it follows that the Trial Court should not have dissolved the temporary injunction; and should have proceeded to hear plaintiffs' cause of action in trespass to try title, and should have granted the permanent injunction prayed for if plaintiffs otherwise proved their title to the property.

The judgment of the Trial Court is accordingly reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.