**Alice M. THOMPSON, Appellant,**

v.

**REPUBLIC SMALL BUSINESS INVEST-MENT COMPANY, Appellee.**

**No. 17540.**

Court of Civil Appeals of Texas, Dallas.

Feb. 12, 1971.

William C. Odeneal, Jr., Odeneal & Odeneal, Dallas, for appellant.

James R. Suiter, Gardere, Porter & De-Hay, Dallas, for appellee.

GUITTARD, Justice.

This is an appeal from an order in a bill of discovery proceeding under Rule 737, Texas Rules of Civil Procedure. The bill, which was filed in the 68th District Court, alleges that plaintiff had recovered a judgment in the 116th District Court against defendant's husband, Torger G. Thompson and others, that such judgment is final and unsatisfied, that plaintiff had filed a bill of discovery against Torger G. Thompson who appeared and submitted to oral inter-

rogatories, but produced no books or records and testified that his wife, Alice M. Thompson, the present defendant, handled all of his business affairs and had possession of all of his books and records. The bill further alleges that plaintiff has information indicating that Torger G. Thompson has property within the jurisdiction of the court subject to execution to satisfy all or part of the outstanding judgment and that plaintiff believes that this property is held by defendant either in her own name or in the name of Torger G. Thompson. Plaintiff prays that defendant be required to produce various books and records relating to her husband's business and to answer oral interrogatories propounded to her.

Defendant filed a plea to the jurisdiction, plea in abatement and motion to dismiss, alleging that the 68th District Court has no jurisdiction because the 116th District Court, in which the judgment was rendered, is the only court with jurisdiction of such proceeding, and also that the bill shows that defendant was not a party to the original suit. She further contends here that the proceeding in the 68th District Court should have been abated because the bill of discovery against Torger G. Thompson was still pending. The order of the 68th District Court, from which this appeal is taken, provides merely "that defendant's Plea to the Jurisdiction be overruled, that defendant's Plea in Abatement be overruled and that defendant's Motion to Dismiss be denied."

■ At the outset we must determine whether this order is final and appealable. Both of the parties consider it a final order, but we have reached the conclusion that it is not final.

Rule 737, T.R.C.P., is a continuation of Article 2002, Vernon's Ann. Revised Civil Statutes of 1925, which provided as follows: "All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies." Under this statute it was held that an order for discovery in an ancillary proceeding relating to a pending action was interlocutory and not appealable except in connection with an appeal of the main action, Equitable Trust Co. v. Jackson, 129 Tex. 2, 101 S.W.2d 552 (1937), but that an order for discovery after judgment in an independent suit by a judgment creditor seeking to discover assets upon which to levy execution is final and appealable. Dallas Joint Stock Land Bank v. Rawlins, 129 S.W.2d 485 (Tex. Civ.App., Dallas 1939, no writ); South Falls Corporation v. Davenport, 368 S.W.2d 695 (Tex.Civ.App., Dallas 1963, no writ).

This is an independent suit in which, under the above decisions, an order for discovery would be final and appealable, but there is no order here either granting or denying discovery. The record fails to show that defendant has been ordered to do anything. Apparently, the matter is still pending in the trial court. The only order before us is one overruling defendant's plea to the jurisdiction, plea in abatement and motion to dismiss. An order overruling a plea to the jurisdiction is interlocutory and not appealable. Fishbein v. Thornton, 247 S.W.2d 404 (Tex.Civ.App., Dallas 1952, no writ); Witt v. Witt, 205 S.W.2d 612 (Tex.Civ.App., Fort Worth 1947, no writ). So also is an order overruling a plea in abatement, Witt v. Witt, supra; Moser v. John F. Buckner & Sons, 308 S.W.2d 194 (Tex.Civ.App., Waco 1957, no writ); and an order overruling a motion to dismiss, Sherrill v. Brazos River Transmission Electric Coop., 263 S.W.2d 669 (Tex.Civ.App., Fort Worth 1953, writ ref'd n. r. e.); Reeves v. Railroad Commission, 75 S.W.2d 155 (Tex.Civ. App., Austin 1934, no writ).

■ Upon submission counsel suggested orally that an ex· parte preliminary order had been signed requiring defendant to appear and testify and produce records, or show cause why she should not be required to do so. Even if such an order were shown, it would not be final and binding in an independent suit like this without regular service of citation, full hearing, and entry

of an order granting the relief prayed for. Kirby v. South Texas Nat. Bank, 137 S.W. 2d 98 (Tex.Civ.App., San Antonio 1940, no writ); B. F. Avery & Sons Plow Co. v. Mayfield, 111 S.W.2d 1134 (Tex.Civ.App., Forth Worth 1937, writ dism'd); Beaman v. Sanger Bros., Inc., 32 S.W.2d 872 (Tex. Civ.App., Texarkana 1930, no writ).

Since the order appealed from is not final, we have no jurisdiction and the appeal is dismissed.