Opinion delivered April 13, 1888.

───────

No. 5723.

### J. P. SMITH ET AL. *v*. THOMAS LEACH ET AL.

1. PAROL TESTIMONY.—It is competent for a witness who saw an original survey made, on an issue involving the location of a line on the ground, to testify to what the surveyor did in running out the survey, though it may result in showing that in running the lines he reversed the course called for in his field notes. It is immaterial when the course is the same called for, whether it was run from one end of the line or from the other end, and reversed, when for the purpose of identifying the line, it is sought to trace the footsteps of the surveyor.

APPEAL from Tarrant. Tried below before the Hon. R. E. Beckham.

*Hunter & Stewart,* for appellants.

*Furman & Stedman,* for appellees.

ACKER, JUDGE. Prior to the trial in the court below, the parties filed the following agreement: "It is agreed that the issue in this case is a question of disputed boundary. If under the law and evidence it is shown that the land is a part of the P. Rouche survey, then plaintiffs are entitled to recover the same, unless defendants are held to be entitled to the land under their pleas of limitation. On the other hand, if under the law and evidence it is shown that the land is a part of the J. N. Ellis survey, then the defendants are entitled to judgment."

During the trial the following agreement was filed: "Here it was agreed that neither party should be required to introduce their claims of title, but that if it was found that the land in controversy lay north of the true north line of the J. N. Ellis survey, the plaintiff would be entitled to recover, and if south of the north line of said survey, the defendants should recover."

The land in controversy is three hundred feet by two thousand six hundred and forty feet, claimed by appellants, who were plaintiffs, as a part of the Peter Rouche survey of one hundred and sixty-eight by one thousand nine hundred varas, situated and patented between the W. Welch survey of three hundred and twenty acres on the north, and the J. N. Ellis survey of six hundred and forty acres on the south. Appellees, who were defendants, claimed the land as part of the J. N. Ellis survey.

The Welch survey was located in 1856. The Ellis survey was located in 1852, and the Rouche survey in 1874. The only conclusion found by the court was "that the land in controversy is a part of the J. N. Ellis survey." The first assignment of error relates to the ruling of the court in admitting in evidence the deed from J. F. Ellis to Thomas Leach, which was offered in support of the plea of five years limitation, and which was objected to by appellants upon the ground that it had not been duly registered, because there was no official seal to the certifi-

cate of acknowledgment. There was no finding by the court upon the plea of limitation. Under the agreement entered into between the parties, the conclusion reached by the court eliminated all other questions. If the land was part of the Ellis survey, it belonged to defendants, and their plea of limitation became immaterial. Conceding the ruling to be error, it could not have affected the rights of appellants, and would not, therefore, justify reversal.

It is contended that the court erred in admitting the testimony of the witness J. F. Ellis, who was present, and assisted in running the lines of the original survey of the Ellis tract, which was objected to upon the ground that it contradicted the surveyor's field notes and the calls in the patent. The field notes call to begin at the southwest corner of the Warnell survey, thence south three thousand varas, thence east five hundred and thirty varas, for the northeast corner of the Ellis survey; thence west, south, east and north, making a square of one thousand nine hundred varas on each side. The witness testified that the survey was run from a point called by the surveyor the southwest corner of the Warnell, southwest to a point where the Fort Graham road crossed a ravine, for the southwest corner of the Ellis survey, thence east, north and west one thousand nine hundred varas, on each line, to the northwest corner of the Ellis. The survey being square, the west line was not run. The field notes in the patent, and the testimony of the witness, agree as to the location of the south line of the Ellis, and we do not think the calls and field notes at all inconsistent with his testimony. It is a fact of general notoriety that surveyors do not always write their field notes in the order in which the survey was actually made. They frequently reverse the calls, making the beginning corner different from that at which the survey was actually begun. The contention being as to the true location of the north boundary line of the Ellis survey, it was competent for the witness who assisted in making the original survey, to testify how it was made and thus enable the court to "trace the footsteps of the surveyor." We think there is no error in the ruling here complained of.

The remaining assigments of error question the sufficiency of the evidence. Without reciting, or discussing the testimony, we deem it unnecessary to say more than, that in our opinion,

the evidence fully sustains the finding and judgment of the trial court. Finding no error in the record requiring reversal, we are of opinion that the judgment of the court below should be affirmed. *Affirmed.*

Opinion adopted April 17, 1888.