### J. M. WHITE ET AL. v. JOHN McFARLIN.

#### No. 6643.

1. **Construction of Agreements of Counsel.**—The statement of one purpose for which evidence may be offered in an agreement touching a case pending would exclude evidence offered for any other purpose.

2. **Same — Case in Judgment.** — Pending suit the parties made the following agreement: "It is agreed between us that the plaintiff owns the Willis West survey and 200 acres out of the north part of block 4, Gray league, and the defendants the remainder of block 4 south of plaintiff's 200 acres. For the purpose of showing the true locality of the land either party may offer in evidence their deeds, or such deed as they may see proper, and any other fact explanatory bearing upon the true locality of such land." *Held*, the court properly limited the issue to the locality of the land.

APPEAL from Burnet.  Tried below before Hon. W. A. Blackburn. The opinion states the case.

*J. G. Cook*, for appellants. — 1.  The main issues in this cause as raised by the pleadings and evidence were as to whether appellee at any time prior to the institution of this suit pointed out to appellant White or to Phinney, vendor of Murphy, the division line between the part of block 4 of the Gray league owned by him and the remainder of said block; and whether appellee, before and after he pointed out and showed the said line to White and Phinney, recognized said line as the true division line and acquiesced in the same; and whether White and Phinney were affected by or acted upon the faith of the acts, acquiescence, and recognition of appellee in reference to said division line.   Cooper v. Austin, 58 Texas, 501, 502; Harrell v. Houston, 66 Texas, 278; Hefner v. Downing, 57 Texas, 580;  Davis v. Mitchell, 65 Texas, 624; Coleman v. Smith, 55 Texas, 259; George v. Thomas, 16 Texas, 74; Dalby v. Booth, 16 Texas, 563; Hoxey v. Clay, 20 Texas, 586; Smith v. Russell, 37 Texas, 256.

2.  The issues formed by the pleadings in this cause before the date of the agreement offered in evidence by plaintiff, as well as the terms and language of the agreement itself, show that the sole intent and effect of such agreement was merely to dispense with the formal proof of title by the parties to this suit of the respective portions of block 4 owned by them; and the terms and legal effect of such agreement, especially when

construed with reference to the issues already raised by the pleadings, would not deprive the defendants of the right to have the jury instructed as to the legal effect of the acts of plaintiff prior to this suit in pointing out to defendants, agreeing to, and acquiescing in a division line between the portions of block 4 owned by them respectively. Botts v. Martin, 44 Texas, 91–93; Hancock v. Winans, 20 Texas, 325; McClure v. Sheeks' Heirs, 68 Texas, 429; 3 Pars. on Con., *499, *500.

3. The court in its charge to the jury having failed to instruct them as to the legal effect and consequences of appellee's acts in pointing out to appellants, agreeing to, and acquiescing in a particular line as the south boundary of his land, and the evidence in this case having established such acts on the part of appellee, the court should have given the first, second, and third instructions asked by appellants. Rev. Stats., art. 1317; Hefner v. Downing, 57 Texas, 580; Cannon v. Cannon, 66 Texas, 682; Leach v. Wilson County, 68 Texas, 353.

*A. S. Fisher* and *John C. Townes,* for appellee.—Parties to a suit may by agreement narrow the issues formed by the pleadings and confine them to matters stipulated in the agreement. It is the duty of the court to enforce such agreement unless the party desiring to be relieved therefrom shall at the proper time and in the proper manner apply to the court to have the same set aside upon sufficient grounds. No such application was made in this case; no attack of any sort is made upon the agreement, but it is practically admitted to be of full force and effect, the only complaint being that it was improperly construed by the court. Porter v. Holt, 73 Texas, 449; Punchard v. Delk, 55 Texas, 306; Hancock v. Winans, 20 Texas, 320; Delk v. Punchard, 64 Texas, 360.

ACKER, PRESIDING JUDGE.—John McFarlin brought this suit against J. M. White and William Murphy in the usual form of trespass to try title to a part of block 4 of the Gray league and labor survey. The defendants answered by general denial, plea of not guilty, suggestion of improvements in good faith of the value of $72.50, and specially that they and plaintiff each owned parts of block 4 of the Gray survey, and that plaintiff at and before the time defendants purchased their portions of the land at defendant's request pointed out on the ground the boundary line between the subdivisions of block 4 owned by him and the remainder of that block, which defendants were then about to purchase; that the line so pointed out by plaintiff did not include as his land a part of the land sued for; that defendants relying upon plaintiff's representations as to the location of the boundary line purchased the south part of block 4 claimed by them.

The trial by jury resulted in verdict and judgment for plaintiff for the land, and in favor of defendant White for $72.50, the value of improvements. Both defendants appealed.

On the trial the following written agreement was entered into by the parties:

"It is agreed between us that the plaintiff owns the Willis West survey and 200 acres out of the north part of block 4, Gray league, and the defendants the remainder of block 4 south of plaintiff's 200 acres.

"2.  For the purpose of showing the true locality of the land either party may offer in evidence their deeds, or such deeds as they may see proper, and any other fact explanatory bearing upon the locality of such land."

The West survey is north of and adjoining block 4 of the Gray survey.

The court heard evidence without objection of the statements and representations made by plaintiff as to the location of the boundary line between his 200 acres of block 4 and that part of block 4 owned by defendants, which was admissible on the question of improvements in good faith. To locate this line where the defendants testified that the plaintiff represented it to be, and where defendants claim it should be established, would give to plaintiff but little over 100 acres of block 4, while his title papers, as well as the agreement entered into between the parties, show him entitled to 200 acres.

The court construed the written agreement entered into by the parties as eliminating all questions except the locality of the boundary line and defendant White's claim for improvements, which was admitted by plaintiff on the trial.   After stating the agreement the court charged the jury, "so that the main issue submitted to you is the true locality of the north boundary line of said Gray league and labor."

Appellants contend that the court erred in its construction of the agreement and in giving the charge quoted, because the pleadings and the evidence made the issues whether the plaintiff had pointed out to defendants the division line between their lands, and whether the plaintiff had acquiesced in the location of the line so pointed out by him.

The field notes of plaintiff's 200 acres of block 4 called to begin at the northwest corner of the Gray survey and to run with the north line of that survey thence south for the quantity called for.   The defendants owned the balance of block 4 south of plaintiffs' 200 acres.   From this it is evident that the division line between the lands of the plaintiff and the defendants was necessarily dependent on the true locality of the north boundary line of the Gray survey.

After the pleadings were filed the defendants signed the agreement solemnly admitting that the plaintiff owned the 200 acres of block 4, and further stating that "for the purpose of showing the true locality of the land either party may offer in evidence," etc.

Under the well recognized rules of construction the statement of one purpose for which evidence may be offered would exclude evidence offered for any other purpose.

We think the language employed in the written agreement admits of no other construction than that placed upon it by the trial court. There is no ambiguity in the language. Plaintiff's ownership of the land claimed by him is admitted, and it is agreed that evidence may be offered for the purpose of showing the true locality of the land.

We think the court did not err in its construction of the agreement or in giving the charge complained of. What has been said dispenses with the necessity for considering other assignments of error, as they become immaterial.

We are of opinion that the judgment of the court below is correct and should be affirmed.

*Affirmed.*

Adopted June 10, 1890.