## G. W. PORTER v. CITY OF ABILENE.

(No. 6954.)

APPEAL from Taylor County.     Opinion by WHITE, P. J.

H. L. BENTLEY and T. W. DOUGHERTY, counsel for appellants.

D. G. HILL, counsel for appellee.

§ **157.** *Municipal corporations; power of to condemn private property for street must be strictly pursued; proceedings in exercise of such power held void.* Proceed-

ings were instituted in the county court of Taylor county in behalf of the city of Abilene to condemn certain real estate of G. W. Porter for street purposes. The power of condemnation of property for streets, etc., is expressly conferred upon cities by our statutes, and the proceedings are required to be regulated, governed and controlled by the laws in force in regard to condemnation by railroad companies. [R. S., art. 478, and Gen. Laws 21st Leg., pp. 3, 4.] It is a general and well-established rule that the power given by statute in such cases, with all constitutional and statutory limitations and directions for its exercise, must be strictly pursued. [2 Dill. Mun. Corp., §§ 604, 612; Rhine v. City of McKinney, 53 Tex. 354.] The law under which real estate belonging to individuals can be condemned for public uses by an incorporated city requires, among other things: *First.* That there must be an effort on the part of the city and the owner of the property to agree on the amount of compensation to be allowed to said owner for said property. *Second.* If the amount of such compensation cannot be agreed on, then, and not until then, the city council of said city shall cause to be stated in writing the real estate or property sought to be taken, the name of the owner thereof, and his residence, if known, and file the same with the county judge of the county in which said property, or part of it, is situated. *Third.* On the filing of this paper the county judge must forthwith, in term time or in vacation, appoint three disinterested freeholders of the county to assess the damages to accrue to the owner by reason of such proposed condemnation, and preference must be given to those that may be agreed on between said corporation and said owner of said property; and they shall be sworn to "assess said damages fairly and impartially, and in accordance with law." [R. S., arts. 4182–4184.] These provisions of the statute do not appear to have been observed or complied with in the proceedings instituted in this case for the condemna-

tion of appellant's property. Such being the case, the proceedings are wholly void. Because none of the prerequisites of the law have been complied with as provided by statute, the same are entirely insufficient to support the authority of the court to act in the premises, and the judgment and proceedings are an absolute nullity and void. The judgment is reversed and the entire proceeding is dismissed, at the costs of the appellee, and the injunction heretofore granted by Judge WILLSON, and which has been consolidated with this case, is hereby made perpetual.

June 25, 1890.                    Reversed and dismissed.