## FIRE ASS'N OF PHILADELPHIA v. CRAW-FORD.

### No. 2269.

Court of Civil Appeals of Texas. Beaumont.

Oct. 27, 1932.

Mantooth & Denman, of Lufkin, and Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Fairchild & Redditt, of Lufkin, for appellee.

O'QUINN, J.

Crawford sued the insurance association in the district court of Angelina county, Tex., to recover the sum of $2,500 on a fire insurance policy issued to him by appellee covering a house situated on the south side of Wettermark street in the city of Nacogdoches, Tex. This appeal is from a judgment in favor of Crawford for $2,250.

Appellant's first two assignments urge that the judgment was error because appellee did not plead and prove that he owned the building described in the policy, at the date of the policy, and the date of the fire.

■ The assignments are overruled. When the allegations in the petition are given all reasonable intendments to which they are entitled, we think the petition sufficient. Furthermore, appellant's answer on the merits consisted of a general demurrer and a general denial. The judgment recites that appellant waived all of its pleadings except its general denial, and further recites that counsel for the parties agreed that the only issue involved in the case was the amount of damages recoverable for the loss. This was an acknowledgment on the part of appellant that all other matters relating to appellee's right to recover sufficiently appeared. Accordingly, the court submitted only one issue to the jury, which required them to find the amount of the loss or damage suffered to the building involved by reason of the fire, which they answered to be $2,250. There was no exception to the charge, nor is there any complaint here pointing to the recitals in the judgment above stated.

■ Appellant challenges the judgment for interest on the amount of the judgment, $2,250, from September 1, 1931, until paid, as error and excessive, because allowed "from an erroneous date." We do not think this assignment can be considered. It points out no specific error. It merely says that interest was allowed from an "erroneous date," not in any wise suggesting the date from which interest should have been allowed. But, if considered, we do not believe any error is shown. The policy provided: " * * * The sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of loss have been received by this company in accordance with the terms of this policy. * * * "

The fire occurred June 18, 1931. Notice was given and claim made and filed with the company in ten days. That, under the terms of the

policy just above quoted, made the loss payable about August 28, 1931. Appellant made no effort to show proof of loss was made at any other time. If the insurance was due to be paid sixty days after notice of loss, proof of loss, and claim for loss were made, then appellee was entitled to interest from the expiration of said sixty days, which would have been about August 28, 1931. The judgment allows interest from September 1, 1931. Excessiveness in interest is not shown. Delaware Underwriters & Westchester Fire Ins. Co. v. Brock, 109 Tex. 425, 211 S. W. 779; Fire Ass'n v. Strayhorn (Tex. Com. App.) 211 S. W. 447; Great American Ins. Co. v. D. W. Ray & Son (Tex. Com. App.) 15 S.W.(2d) 223.

No error appearing, the judgment should be affirmed, and it is so ordered.

Affirmed.