## STATE LIFE INS. CO. v. DUKE.

### No. 9274.

Court of Civil Appeals of Texas. San Antonio.

Feb. 28, 1934.

Rehearing Denied March 28, 1934.

Morriss & Morriss, of San Antonio, for appellant.

Alfred Petsch, of Fredericksburg, and Walter Petsch, of Kerrville, for appellee.

MURRAY, Justice.

In October, 1932, there were pending in the district court of Kerr county two separate and distinct causes of action, both instituted by appellee, James F. Duke; one being cause No. 1737 and styled James F. Duke v. Ætna Life Insurance Company; the other being cause No. 1738, and styled James F. Duke v. State Life Insurance Company of Indianapolis, Indiana, the latter being the cause on appeal herein.

The Ætna Company employed the law firm of Boyle, Wheeler, Gresham & Terrell of San Antonio to represent it, and the State Life Insurance Company employed Judge W. C. Baker, of Kerrville, Tex., to represent it.

Mr. Wheeler of the law firm of Boyle, Wheeler, Gresham & Terrell called Judge Baker over the telephone and undertook to employ Judge Baker to assist him in the trial of the Ætna case, No. 1737; Judge Baker being already employed in the State Life cause, No. 1738, suggested to Mr. Wheeler that they exchange services in the two cases, which was agreed upon. Answers were prepared, signed by the San Antonio firm and Judge Baker, and filed in both cases.

The Ætna case, which was cause No. 1737, was first called and tried; Mr. Wheeler and

Judge Baker conducting the defense. The trial resulted in appellee recovering upon a life insurance policy the sum of $1,370, for several months of total disability. This judgment was entered October 6, 1932. On October 17, 1932, cause 1738 was called for trial and the same attorneys appeared for the appellant herein. After the trial began, attorneys of record for appellant suggested to attorneys for appellee that this cause involved the same questions of law and fact as cause No. 1737, and that it was useless to try both cases; that they were willing to let cause No. 1738 abide by the decision on appeal in cause No. 1737. Whereupon the following agreement and stipulation was entered into and signed by attorneys of record for both sides:

"No. 1738. James F. Duke vs. State Life Insurance Co.

"In the District Court of Kerr County, Texas, "October Term, A. D. 1932.

"In the above styled and numbered cause, it is agreed by and between James F. Duke, as plaintiff, and the State Life Insurance Company of Indianapolis, Indiana, as defendant, both parties acting herein by and thru their attorneys of record, that this cause shall stand on the docket of this court to await the determination of the Appellate Courts of the case of James F. Duke vs. Aetna Life Insurance Co. No. 1737. In the event the Aetna case No. 1737, is reversed and remanded, this cause shall thereupon stand for trial as if this agreement had not been entered into. In the event that the said Aetna case No. 1737 is affirmed by the Supreme Court of the State, or in the event that the judgment therein becomes final otherwise, then, the said State Life Insurance Company of Indianapolis, Ind., agrees to abide by said judgment, and to pay to the plaintiff, James F. Duke, promptly, the sum of $1370.00, in full satisfaction of disability installments on the two policies involved herein, up to and including the month of October, 1932. The said sum of $1370.00 consists of the following items:

"Disability installments up to and including the month of October, 1932, $1,000.00.

"12% statutory penalty, $120.00.

"Statutory attorney's fees, $250.00.

"And the said State Life Insurance Company of Indianapolis, Indiana, agrees in that event also to pay the court costs that have accrued up to that time.

"And it is further agreed by the State Life Insurance Company, in the event of the affirmance of the judgment in the Aetna case No. 1737, that such judgment as may therein be finally rendered relating to all questions of disability of the plaintiff Duke shall also become binding upon the State Life Insurance Company in this case.

"And, for the purpose of carrying out this agreement, in the event of the affirmance of the judgment in the Aetna case No. 1737, Court is requested to enter a judgment in accordance with this agreement in this cause No. 1738, in like terms with the judgment which becomes final in the Aetna case and as soon as the mandate in such Aetna case is received in this Court.

"This agreement made in open Court, and filed in the papers of this cause, this the 17th day of October, A. D. 1932, as evidenced by our signatures.

"James F. Duke, Plaintiff
"By Walter Petsch
"Alfred Petsch
"Attorneys of Record.
"The State Life Insurance Company, of Indianapolis, Indiana, Defendant.
"By W. C. Baker
"Boyle, Wheeler, Gresham & Terrell
"Attorneys of record."

An appeal was attempted in cause No. 1737, but the record was not presented to the Court of Civil Appeals within the time required by a recent act of the Legislature, and the cause was, on February 1, 1933, affirmed on certificate, without a hearing on the merits. At the March term of the district court of Kerr county, the appellee, upon motion made, secured judgment against appellant in cause No. 1738, pursuant to the stipulation above set out, in the sum of $1,370, which covered several monthly installments of total disability provided for in the insurance policies. The State Life Insurance Company has perfected this appeal.

The one main question here presented is: Did the attorneys, Judge Baker and Mr. Wheeler, either one or both, have authority to execute this stipulation and thereby bind appellant to have judgment entered against it in cause No. 1738, if and when the judgment rendered in cause No. 1737 became final?

■ It is settled law that ordinarily an attorney who has been employed only to defend a lawsuit is a special agent and does not have the blanket authority to employ other counsel to assist him or enter into a compromise or settlement of the cause of action. 5 Tex. Jur. 444, § 41; 3 A. & E. Encyc. Law (2d Ed.) 354.

■ However, it is equally as well settled law in this state that where an attorney is employed to represent the same or different parties in several lawsuits involving the same issues and the same law, he may properly enter into an agreement to let all of such cases abide the decision in one case. 6 C. J. 648, § 156; 3 A. & E. Encyc. Law (2d Ed.) 354; Savage v. Dorn (Tex. Civ. App.) 60 S. W.(2d) 312.

■ Such agreements expedite the business of the court, save cost of litigation, save the time of the courts, the lawyers, the parties, and quite often of witnesses. But, on the other hand, if an attorney is not employed in the case to be appealed, he cannot agree to let his client's case abide by the decision of such a case because he, nor his client, has any control over the appeal. So if either Mr. Wheeler or Judge Baker were employed in both cases it was not improper for them to enter into the stipulation. We will first consider Mr. Wheeler's connection with these two cases.

■ The testimony of Judge Baker shows that on October 25, 1932, some eight days after the trial, Judge Baker wrote to the general attorney of appellant, Judge Chas. F. Coffin, informing him that Mr. Wheeler had come to Kerrville and assisted him in the trial of this cause and that they had entered into an agreement to abide by the final disposition on appeal of cause No. 1737. Appellant did not notify appellee, or his counsel, that it resented Mr. Wheeler's coming into the case and that he had no authority to represent it. In fact, the only intimation that Mr. Wheeler was not properly representing appellant is a statement contained in the affidavit of Charles F. Coffin, made on March 31, 1933, wherein he states, under oath, that: "Neither said State Life Insurance Company through any officer or agent, nor I, as its counsel, employed the firm of Boyle, Wheeler, Gresham & Terrell, nor any member thereof, to represent said State Life Insurance Company in the cause or causes aforesaid, nor to have any connection therewith."

It appears from the above that Judge Coffin, as general counsel for appellant, being put on notice that Mr. Wheeler was appearing in this cause as an attorney for his company and executing agreements for it upon which appellee was relying and on the strength of which appellee had agreed to a continuance never took any steps to notify appellee, or any one else, that his company would not be bound thereby, but waited until the contingency upon which the stipulation was based had happened and had resulted unfavorably to his company; then, for the first time, he says that Mr. Wheeler had no authority to represent him and he repudiates the agreement. Appellant contends that it would not have accomplished anything to have sooner notified appellee, as there was not another regular term of court in Kerr county until March, 1933. This will not excuse appellant's long delay in repudiating the acts of the attorney who had purported to act for his company. A special term of court might be called at any time and this case again called for trial. Judge Baker, although admitting that he had had several letters from Judge Coffin, did not recall his making any complaint until after cause No. 1737 was affirmed on certificate. We conclude that appellant has, by its long silence, ratified the employment of Mr. Wheeler in the case and is now estopped to deny that Mr. Wheeler was its attorney of record in cause No. 1738.

■ Having concluded that Mr. Wheeler was a proper attorney of record in this cause for appellant, the stipulation was binding on appellant.

It is not necessary for us to here decide whether or not Judge Baker could bind appellant by this stipulation. If Mr. Wheeler could do so, that would be sufficient to make the stipulation binding on appellant.

■ It is contended by appellant that this stipulation is void because it is offering to settle a client's case upon a wager or gamble. We cannot agree with this contention for the reason that the failure of cause No. 1737 to be heard on appeal on its merits is the result of a risk which must be taken in every appeal. If cause No. 1738 had been tried and appealed, it might have met with the same mishap. When the recent act of the Legislature became effective, allowing but sixty days for the filing of a record on appeal, many cases were lost because not filed in time.

■ We see nothing unconscionable or improvident in this stipulation. It was a bona fide attempt to save the expense, time, and work of two appeals when one would serve all useful purposes. The fact that, due to no fault of appellee, a hearing was not had upon the merits in cause No. 1737, or the fact that such an event might happen, does not render the stipulation improvident or unconscionable.

The judgment is affirmed.