## CITY OF SAN ANTONIO V. P. A. ASTORIA.

No. 6732.  Decided October 7, 1936.
Rehearing overruled November 19, 1936.
(96 S. W., 2d Series, 783; 97 S. W., 2d Series, 944.)

*T. D. Cobbs, Jr.,* City Attorney, *W. C. Davis* and *Jack H. Davis,* Assistants City Attorney, all of San Antonio, for plaintiff in error.

A county court at law has no jurisdiction over cases of eminent domain. R. S., 1925, Arts. 1970 (63-65, 301); Easterline v. Bean, 49 S. W. (2d) 427; Employers' Indemnity Corp. v. Woods (Com. App.), 243 S. W., 1085; Texas Pipe Line Co. v. Ennis, 127 Texas, 470, 93 S. W. (2d) 148.

*Hirshberg, Mueller, Powell & Green,* of San Antonio, for defendant in error.

The County Court at Law No. 1, of Bexar County, had jurisdiction of the parties and subject matter when it rendered the judgment which it did render. The City has had its day in court and should not be permitted to again litigate the same question in the district court and seek to reverse the judgment

of the county court from which it did not prosecute its appeal. Ideal Laundry Co. v. City of Dallas, 64 S. W. (2d) 801; Parks v. City of Waco, 274 S. W., 1006; Malone v. City of Madisonville, 24 S. W. (2d) 483.

Mr. Judge GERMAN delivered the opinion of the Commission of Appeals, Section A.

On December 12, 1929, the plaintiff in error, City of San Antonio, filed a petition in condemnation in the County Court of Bexar County for the purpose of condemning certain property belonging to defendant in error, P. A. Astoria; such property being necessary for the widening of one of the streets of said city. Commissioners were duly appointed, a hearing had, and an award of $7500.00 was made in behalf of defendant in error. Not being satisfied with said award, defendant in error timely filed his objections in writing and the cause was properly docketed in the County Court of Bexar County for hearing as provided by statute. Pending the hearing, the city, in order to take possession of the property, in pursuance of Section 2, of Article 3268, of the Revised Statutes of 1925, deposited with the Clerk of the County Court of Bexar County the sum of $7500.00, and paid all costs. This condemnation proceeding appears to have remained inactive upon the docket of the county court until after the taking effect of the Act constituting Chapter 75 of the Acts of the 5th Called Session of the 41st Legislature, being an amendment of Article 1206 of the Revised Statutes of 1925, and being in effect a reenactment of several sections of Chapter 4 of the Acts of the 38th Legislature which had been omitted from the 1925 revision. On July 16, 1930, said proceeding was by agreement transferred to the County Court at Law No. 1 of Bexar County, which court, by the Act of 1930 above referred to, was given jurisdiction of same. In such County Court at Law No. 1 on December 20, 1932, an agreed judgment was entered, making effective the condemnation of the property in question, the appropriation thereof by the city as of date February 10, 1930, and fixing the value of the property taken and damages caused to defendant in error by reason of the taking at $10,000, with 6 per cent interest from February 10, 1930. In the judgment thus entered it is recited that the city had paid to defendant in error the sum of $7771.81 and that defendant in error asknowledged receipt of that sum as a credit upon the judgment. It appears that this recital was upon the assumption that the $7500.00 theretofore deposited by the city with the County

Clerk of Bexar County was still available as a payment upon the agreed judgment. It developed, however, that by reason of default of the county clerk the said sum of money was not available and could not be applied as a payment to defendant in error. Thereupon, defendant in error filed his motion in County Court at Law No. 1 to correct and amend the judgment of December 20, 1932, and on February 18, 1933, the parties went to trial upon this motion. It appears that the purpose of this trial was to determine whether or not the loss of the $7500.00 deposited with the county clerk should fall upon the city or upon defendant in error. It is recited that after hearing the motion, the reply to the city thereto, the evidence and the argument of counsel, the court entered the following finding and judgment:

"The court, however, being of the opinion and finding that defendant's motion to amend and correct said judgment should be granted, and that that part of said judgment, wherein it is stated that the City of San Antonio has paid on said judgment the sum of $7,771.81, and that defendant acknowledged the receipt of said sum as a credit on said judgment, should be corrected and amended, the court finding from the evidence that said part of said judgment is incorrect and does not speak the truth, in that the plaintiff has not paid on said judgment said sum, and defendant has not received said sum as a credit on said judgment; the court finding that said judgment as heretofore rendered and entered herein, in all other respects, correctly states the agreement of the respective parties hereto.

"Therefore, it is ordered, adjudged and decreed by the court as follows: The defendant's motion to set aside the judgment rendered and entered herein on the 20th day of December, A. D. 1932, be, and said motion is hereby, denied and overruled; that defendant's said motion to amend and correct said judgment be, and said motion is hereby, granted, and said judgment is hereby amended and corrected so as to eliminate therefrom the statement that the City of San Antonio, plaintiff herein, has paid on said judgment the sum of $7,771.81, and also the acknowledgment by P. A. Astoria, defendant herein, of the receipt of said sum as a credit on said judgment."

After said judgment was thus corrected and amended it became final and no appeal was prosecuted thereupon.

The present suit was brought by defendant in error Astoria in the District Court of Bexar County and was for the purpose of obtaining a mandamus to require payment of the judgment of the County Court at Law No. 1 of date February 18,

1933, with interest. No question is raised as to the propriety of the action, provided the city is liable for payment of the judgment. In the district court judgment was in favor of defendant in error, and this judgment was affirmed by the Court of Civil Appeals. 67 S. W. (2d) 321.

For the first time plaintiff in error has raised in this court the question of jurisdiction. It is contended that the judgment of February 18, 1933, was void because the County Court at Law was without jurisdiction. It is asserted that the County Court of Bexar County has exclusive jurisdiction in condemnation proceedings. Without going into a lengthy discussion of the matter we hold that by virtue of Article 1206 of the Revised Statutes of 1925, as amended by the Act of 1930, 41st Legislature, 5th Called Session, Chapter 75, the County Court at Law had jurisdiction to entertain this proceeding when it was transferred to it from the County Court of Bexar County on July 16, 1930; and the judgment of that court is not void.

■ Under our view of the case, it is unnecessary to here decide whether or not the loss of the $7500.00 deposited by the city with the county clerk was properly adjudged against the city. That question was directly and conclusively litigated in the County Court at Law and no appeal was prosecuted. We are of the opinion that the question is now res judicata. The city contends, however, that the County Court at Law was without jurisdiction to determine that question. Admittedly the court had jurisdiction to litigate the question of the right of the city to condemn the property and the question of adequate compensation for the land taken. We think that the question of whether or not there had in fact been a payment made to defendant and whether or not the city was entitled to a credit upon the agreed judgment was so directly related to the question of compensation that the court undoubtedly had jurisdiction to determine the question, and its judgment, not being appealed from, was final. Gulf Coast Irrigation Co. v. Gary, 118 Texas, 469, 14 S. W. (2d) 266, 17 S. W. (2d) 774; Gulf, C. & S. F. Ry. Co. v. Ft. Worth & Rio Grande Ry. Co., 86 Texas, 537, 26 S. W., 54.

For the reasons stated herein, the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court October 7, 1936.

### ON MOTION FOR REHEARING.

In our original opinion we held "that by virtue of Article

1206 of the Revised Statutes of ·1925, as amended by the Act of 1930, 41st Legislature, 5th Called Session, Chapter 75, the County Court at Law had jurisdiction to entertain this proceeding when it was transferred to it from the County Court of Bexar County."

■ On motion for rehearing the plaintiff in error has challenged the constitutionality of the Act mentioned, claiming that it is in contravention of Section 35, Article 3, of the Constitution of Texas, in that its caption is too restrictive. The city contends that the caption does not disclose an intention on the part of the Legislature to confer jurisdiction on county courts at law in condemnation proceedings by cities. Doubtless cities of this State have in a great many instances brought condemnation proceedings in county courts at law since the passage of this Act, and for this reason the public interest, as well as the usual principles governing in such matters, requires us to hold this Act valid as against the objection urged, if by any reasonable construction we can do so.

The caption of the article in question is as follows: ·

"An Act amending Article 1206 of Chapter 17, Title 28, Revised Civil Statutes of the State of Texas of 1925 relating to condemnation of property by cities for highway purposes, providing for appointment of Commissioners, for award of damages for property taken or damaged, providing for notices and hearings, prescribing the powers and procedure of such commissioners, fixing their compensation and providing for filing and trial of oppositions to reports of such Commissioners, providing other incidental matters; and declaring an emergency."

We are strongly inclined to the view that we would not be authorized to hold that the provision beginning with the words "providing for appointment," etc., is a limitation upon the general purpose of "amending Article 1206, of Chapter 17, Title 28," as was true in such cases as Ward Cattle & Pasture Company v. Carpenter, 109 Texas, 105, 200 S. W., 521, and Arnold v. Leonard, 114 Texas, 535, 273 S. W., 799, relied upon by plaintiff in error. Construing the caption as a whole it is not clear that the specific matters mentioned were the sole purposes to be accomplished in amending the article, or that the enumeration of these excludes other purposes. We are not required, however, to rest the decision altogether upon that point.

The portion of Section (a) of the Act which it is claimed is not covered by the caption is emphasized in the following excerpt:

"No property shall be taken without just compensation first made to the owner. If the amount of said compensation shall not be agreed upon, the governing body shall cause to be prepared, on behalf of the city, a statement in writing containing a description of the parcel or parcels of property sought to be taken, the names of the owner or owners thereof, if known, and the purpose for which said property is sought to be taken. *The statement shall be filed with the Judge of a County Court at Law*, if such Court exists in the county where the property is situated, otherwise with the County Judge of such county. Upon filing the statement the Judge shall forthwith, in term time or vacation, appoint a Commission consisting of three disinterested freeholders of said county who are qualified voters to assess the damages to accrue to said owners, or other interested parties, by reason of condemnation of said property."

We think the underscored language is clearly related to and comprehended within the language of the caption as follows: "And providing for filing and *trial* of oppositions to reports of such Commissioners." A provision for trial of oppositions to reports necessarily comprehends the designation of a court for such trial.

We are decidedly of the opinion that the Act is constitutional, and the motion for rehearing is overruled.

Opinion adopted by the Supreme Court November 19, 1936.