ELIOT et ux. v. MANEY & ALLEY et al.

No. 2147.

Court of Civil Appeals of Texas. Waco.

Oct. 26, 1939.

Rehearing Denied Dec. 14, 1939.

J. S. Callicutt and Taylor & McWilliams, all of Corsicana, for plaintiffs in error.

Gerald C. Mann, Atty. Gen., A. S. Rollins and Geo. W. Barcus, Asst. Attys. Gen., and Richard & A. P. Mays, of Corsicana, for defendants in error.

ALEXANDER, Justice.

This suit was brought by E. A. Eliot and wife against Navarro county, The State Highway Department of Texas, J. W. Maney and J. R. Alley, composing the firm of Maney & Alley, Southern Surety Company of New York, Gib Gilchrist, State Highway Engineer, and E. C. Woodward, to recover damages alleged to have been occasioned to plaintiffs' land by reason of the improper construction of state highway No. 75 through Navarro county. The plaintiffs alleged, in substance, that the defendants had unlawfully appropriated approximately one acre of their land for use in constructing the highway and had cut a levee which protected said land from overflow from Richland creek, and, as a consequence, the land had overflowed in 1930, injuring the crops of that year, and so flooding the land as to reduce the value of the crops for the succeeding year. It was also alleged that in 1932, by reason of the construction of the said highway and the cutting of said levee, the waters of Richland creek had been allowed to flood said land and materially injure the crops thereon for said year. A trial before a jury resulted in judgment for the defendants. The plaintiffs have sued out writ of error to this court.

■ . Assignments of error Nos. 1 to 4 complain of the failure of the court to submit to the jury certain special issues concerning the taking of the one acre of land and the value thereof. Plaintiffs' own admissions show that the tract of land in question was condemned by Navarro county by regular proceedings instituted for that purpose prior to the time the land was appropriated for highway purposes, and that the plaintiffs did not appeal from the judgment of the county court so condemning said land. Such judgment constituted a complete bar to any subsequent action to recover for the land so condemned. 16 Tex.Jur. 844; City of Navasota v. Gudger, Tex.Civ.App., 290 S.W. 900; San Antonio & A. P. R. Co. v. Lougorio, Tex.Civ.App., 25 S.W. 1020; Davidson v. Texas & N. O. R. Co., 29 Tex.Civ. App. 54, 67 S.W. 1093. Consequently, the plaintiffs in error have no right to·here complain of the failure of the trial court to submit to the jury issues relative to the value of such land.

■ The court, at the conclusion of the evidence, gave an instructed verdict in favor of Navarro county. The 5th assignment of error complains of this ruling. The evidence conclusively establishes that the state of Texas, through 'its highway department, constructed the highway in question, and did all of the other things by which the plaintiffs claimed to have been damaged, and that Navarro county was in nowise responsible therefor. The trial court properly gave an instructed verdict favorable to Navarro county.

■ Assignments of error Nos. 6 to 15 inclusive complain of the failure of the. court to submit to the jury certain issues inquiring as to the value of the crops that would have been produced on the land in question during the year 1930 if same had not been flooded by flood waters from Richland creek. The jury, in answer to issues Nos. 1, 17 and 20, found that whatever damages were suffered by the plaintiffs in the year 1930 by reason of loss of crops and scattering of logs, trees and debris upon his land were not proximately caused by flood waters precipitated thereon through the opening made by the state highway department in the levee in question. The sufficiency of the evidence to sustain these findings is not questioned. In answer to special issue No. 31 the jury found that the damage, if any, sustained by plaintiffs by overflow during said year 1930 was caused by an unprecedented flood over which the state had no control, and for which it was in nowise responsible. Since the damage, if any, suffered by plaintiffs was not caused by the alleged unlawful act of the defendants, it was not a material inquiry as to the amount of damages sus-

tained during that year by plaintiffs as the result of the flooding of his land.

 By assignments of error Nos. 16 to 18 inclusive, complaint is made of the failure of the court to submit certain issues as to the reduced productivity of plaintiffs' land during the year 1931 caused by the flood waters of 1930. Since, as above stated, the jury found that the overflow of 1930 was not caused by any unlawful act on the part of the defendants, the defendants would not be responsible for the reduced productivity of the land in 1931, caused by the 1930 flood.

 By assignment of error No. 19 complaint is made of the failure of the court to submit an issue as to whether plaintiffs' crops for 1932 were injured by reason of flood waters coming onto his land from Richland creek due to the destruction of the levee on the east line of his land. The jury, in answer to issue No. 11, found that plaintiffs' land and the crops thereon for the year 1932 were not damaged by flood waters precipitated thereon through the east levee on said land. The court having once properly submitted the issue was not required to again submit it in substantially the same language.

We have carefully considered all other assignments and find no reversible error.

The judgment of the trial court is affirmed.

GEORGE, J., took no part in the consideration and disposition of this case.