## MESSEROLE v. MESSEROLE.
### No. 14270.

Court of Civil Appeals of Texas.
Fort Worth.
Sept. 12, 1941.

John L. Poulter, of Fort Worth, for appellant.

Glenn Smith and Ernest May, both of Fort Worth, for appellee.

BROWN, Justice.

Appellant and appellee are brothers and own jointly the land in controversy.

Appellee brought suit against appellant to enforce a partition of the lands, consisting of city property and improvements,

and to adjust the equities between the owners.

The petition contains three counts: (1) on a promissory note executed by appellant and secured by a lien on the property, (2) on payment by appellee of the paving assessment against the property, and (3) on payment by appellee of accrued taxes; together with foreclosure of the liens declared upon.

The appellant answered by way of demurrer and exceptions and specially pleaded that he and his wife, at the special instance and request of appellee, worked for appellee on his farm in Comal County for five months and that he thus discharged the note sued upon and was entitled to recover a balance which was estimated at more than $86.

The cause was tried to a jury and the trial court gave a peremptory charge to find for plaintiff and to find against defendant on his cross-action.

From the judgment defendant has appealed and presents four assignments of error raised in the motion for a new trial and one assignment designated as fundamental error.

■ The first insists that the trial court erred in rendering judgment for plaintiff in the sum of $322 on the promissory note "for the reason same is unsupported by the evidence, and is illegal, excessive and improper." It is made apparent that there was a miscalculation and that the judgment on the note should have been for $232.51, thereby disclosing that the judgment is excessive in the amount of $89.49.

This assignment of error is distinctly multifarious. It contends first that the judgment is unsupported by the evidence and then charges that it is illegal, and excessive and improper.

No effort is made to show wherein the judgment is not supported by the evidence. This is necessary in order that the assignment of error be sufficient and worthy of consideration.

3 Texas Juri. par. 605, pp. 866, 867, and cases cited under note 18.

The same rule applies as to an assignment asserting that the verdict or judgment is excessive.

See same text, notes 2 and 4, pp. 867, 868, and par. 607, pp. 869, 870, and notes thereunder.

■ We do not believe that the motion for a new trial, from which the assignment of error is taken, is sufficient to point out clearly to the trial court in what respect the judgment is excessive, but the plaintiff should not have committed the error of miscalculating the amount due on the note and we feel that he should bear one-half of the penalty for this error, even though he offers in his brief to remit the excess he recovered.

Both parties litigant being derelict in the handling and disposition of such item of recovery, we are assessing the cost of the appeal against the appellant and appellee in equal amounts.

■ The same criticism may be made of the second assignment of error, which complains of the rendition of judgment for plaintiff in the sum of $211.95 for advancements to redeem the property from the paving and tax liens. The assignment declares that there is error, "for the reason such judgment is unsupported by the evidence, and such amount is illegal, excessive and improper."

There is no merit in any part of this multifarious assignment of error. The amounts are undisputed, and the trial court rendered judgment under such authorities as Hanrick v. Gurley, 93 Tex. 458, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330, and McKelroy et al. v. Hamilton et al., Tex.Civ.App., 130 S.W.2d 1114.

■ The statutes of limitation of two and four years are not well taken in such a case as is before us. Articles 5520, 5526, 5527 and 5529, Vernon's Ann.Civ.St.

■ The third assignment of error complains of the giving of a peremptory instruction for the plaintiff and against the defendant on his cross-action. No error is found here. The right of plaintiff to recover is undisputed in the facts and the defendant's evidence is not sufficient to raise an issue of his right to recover on his cross-action on either an express or an implied contract for labor performed by him and his wife.

■ The fourth assignment of error is to the effect that the trial court erred in overruling a certain special exception urged by the defendant. No injury is shown to have been sustained by this ruling, and the undisputed evidence discloses the right of the plaintiff to recover for the items sued for in a lump sum instead of specifying each separate charge for the state, county

and city taxes paid by plaintiff and assessed against the property. The assignment is overruled.

The last assignment of error complains that the trial court erred in not rendering judgment for partition in kind instead of ordering the lands and improvements sold.

The record discloses that the parties to this suit stipulated in open court that the property is not susceptible of partition.

There is no merit in the assigned error.

The judgment is affirmed upon remittitur by appellee of the sum of $89.49 on that portion of the judgment wherein recovery is had on the promissory note, and the costs of appeal are taxed equally against the parties.