**TAYLOR et al. v. TOD et al.**

No. 11675.

Court of Civil Appeals of Texas. Galveston.
Dec. 21, 1944.

Rehearing Denied Jan. 11, 1945.

Edward S. Boyles, Bruce C. Billingsley and Harvey T. Fleming, all of Houston, for appellants.

E. H. Suhr and Bryan, Suhr & Bering, all of Houston, for appellees Mary G. Tod and Rosa Hamner.

Albert J. DeLange, Frank A. Stamper and Robert P. Beman, Jr., all of Houston, for appellee.

GRAVES, Justice.

This suit is a consolidation of cause No. 286,340 and cause No. 301,908, both filed in the District Court of Harris County, Texas. The former suit was filed by Mary G. Tod et al., against James B. Taylor et al., in which the plaintiff sought foreclosure of a lien on land and possession of funds on deposit with the County Clerk of Harris County, Texas, deposited by the Houston Housing Authority pursuant to condemnation causes 45736 and 45737 in the County Court at Law of Harris County, Texas, in which condemnation suits Houston Housing Authority was plaintiff and the other parties to this cause were defendants, with the exception of W. D. Miller, County Clerk, who was named herein as holder of such funds.

Cause No. 301908 was filed in the District Court of Harris County, Texas, by appellants, James B. Taylor and wife, against Houston Housing Authority, and was a statutory trespass to try title suit.

The two causes were consolidated, and, after trial without a jury, judgment was entered on July 14, 1944, in favor of Houston Housing Authority for title to the property in question (lots 3 and 4, block 28, Hardcastle Addition to Houston, lots 6, 8, 9, 12 and 13, block "A", Burton Homestead Addition to Houston, all seven lots being in the John Austin Survey in Harris County), and in favor of Mary G. Tod et al., for foreclosure of liens and for the money on deposit with the County Clerk.

Request for findings of fact and conclusions of law was duly made, and such findings of fact and conclusions of law were made and entered by the trial judge.

Appellants' over-all contentions here for a reversal of the determination so adverse

to them below, and for a rendition of the cause in their favor, are two-fold, to-wit:

(1) The Houston Housing Authority, as defendant in the appellants' trespass to try title action, completely failed to fulfill its burden of proof by showing jurisdiction in the County Court at Law in its condemnation suits, and by showing compliance with the eminent domain statutes in the particulars pointed out in this brief as was necessary for it to prove in this trial in the district court.

(2) "The judgment in Cause No. 45,-373, in the County Court at Law, Harris County, Texas, was void because such judgment was in favor of John Tod Hamner, who had previously been dismissed from such cause and was not a party to said suit on the date said judgment was entered."

They thus restate their three major grounds for contending that the County Court at Law never acquired jurisdiction over their property in the original condemnation suits (Nos. 45736 and 45737) and that, in consequence, the District Court's judgment of July 14, 1944, in their trespass to try title suit, which is herein appealed from, was entirely void and divested them of no title to the land forming the subject-matter of such suits, to-wit:

"(1) Houston Housing Authority did not show by any evidence compliance of the governing body of the City of Houston in passing a resolution, as required by Section 4, of Art. 1269k, of the [Vernon's] Texas Revised Civil Statutes, finding as prerequisite to the corporate existence of such Authority:

"(a) That unsanitary or unsafe inhabited dwelling accommodations exist in such city, or

"(b) that there is a shortage of safe or sanitary dwelling accommodations in such city available to persons of low income at rentals they can afford."

"(2) Houston Housing Authority did not show by any evidence that it passed the resolution required by Section 12 of Art. 1269k, of the [Vernon's] Texas Revised Civil Statutes, finding a necessity for the condemnation of the property in question;

"(3) Houston Housing Authority failed to offer any evidence of its failure to agree with the appellants, as owners of the property, as to the value of such property, as required by Section 1 of Art. 3264 of the Texas Revised Statutes."

There were a number of other particulars likewise declared upon, but they were all in pari materia with the quoted ones, hence it is deemed unnecessary to set them out.

That final judgment of the District Court in the trespass to try title proceedings with which alone, as indicated, this appeal has to do, in the main was to this effect:

It dismissed all parties who were then unnecessary, decreed that the condemnation judgment entered by the County Court at Law was in all things valid and final; it vested fee simple title to the property in controversy in the Housing Authority, divesting all title from Taylor and wife; it adjudged that Taylor and wife take nothing, that deposit of the funds fixed in the condemnation proceedings had theretofore been made in the registry of the Court, established the indebtedness and prior liens of Mrs. Tod, and of all parties claiming with and under her; it ordered that Mrs. Tod be paid out of such deposit, so far as it was available; it further decreed that John Tod Hamner had no interest in the property, or fund, and that Rose Nachlas, another claimant, had no interest; finally, it adjudged costs, and provided for process. Thereupon, Taylor and wife gave notice of their appeal therefrom.

Moreover, the trial court in support of the appealed from judgment, in determining that the condemnation adjudication of December 6, 1941, in the County Court at Law, as described supra, had been in all things valid, further found, on uncontroverted evidence, that appellants herein, the Taylors, had unsuccessfully at that time undertaken to appeal that judgment to this court, but that their efforts had failed, the judgment having been affirmed on certificate, and a writ of error refused by the Supreme Court; wherefore, that litigation —not having been further pursued—became a binding one on all parties thereto.

The upshot of all the recited proceedings now brought within the cognizance of this court is that these appellants, on this their appeal from the trial court's judgment so determining their trespass to try title action against them and vesting the title to the land involved in the appellee, Housing Authority, instead, are thus undertaking to review, by means of a trespass to try title action, a final judgment of condemnation of their property theretofore

rendered by a court of competent jurisdiction, which had properly before it for that purpose both the persons and the properties involved, and from which judgment they had so abortively undertaken to appeal.

In short, they contend, on the stated presentments attacking alone the jurisdiction of that court, that the appellee Housing Authority must again prove all the original elements of its then-consummated condemnation, including the showing of a necessity for its taking of the property, its offer to buy the same, the amount of the offer, its value at that time, and all other minutiae, as in an original condemnation thereof.

In support of that position, they cite these authorities: Article 3271, Texas Revised Civil Statutes; 18 Am.Jur. 961, par. 317; Parker v. Ft.Worth, 84 Tex. 333, 19 S.W. 518; Southern Kansas Ry. Co. v. Vance, Tex.Civ.App., 155 S.W. 696, error refused; Williams et al. v. Henderson County Levee Imp. Dist., Tex.Com.App., 59 S.W.2d 93; Kempner et al. v. Huntsville State Bank, Tex.Civ.App., 282 S.W. 325, 328 (error dism.); Mingus v. Wadley et al., 115 Tex. 551, 285 S.W. 1084; San Antonio Water Supply v. Castle, Tex.Civ. App., 199 S.W. 300; Hall v. Wilbarger County et al., Tex.Civ.App., 37 S.W.2d 1041, 1043, 1044, affirmed Tex.Com.App., 55 S.W.2d 797; Texas Employers' Ins. Ass'n v. Sewell, Tex.Civ.App., 32 S.W.2d 262, error refused; National Union Fire Ins. Co. v. Richards, Tex.Civ.App., 290 S. W. 912; Easter Oil Corporation v. Wilbarger County, Tex.Civ.App., 30 S.W.2d 438; Watt v Studer, Tex.Civ.App., 22 S. W.2d 709; Beaumont & G. N. R. R. v. Elliott, Tex.Civ.App., 148 S.W. 1125; Routh v. Texas Traction Co., Tex.Civ.App., 148 S.W. 1152; Gillam v. State, Tex.Civ.App., 95 S.W.2d 1019; Haverbekken v. Hale, 109 Tex. 106, 204 S.W. 1162; Webb et al. v. Reynolds, Tex.Com.App., 207 S.W. 914; Reynolds et al. v. McMan Oil & Gas Co., Tex.Com.App., 11 S.W.2d 778; Coleman v. Archer County, Tex.Civ.App., 16 S.W. 2d 942; Porter v. City of Abilene, 4 Willson Civ.Cas.Ct.App. § 157, 16 S.W. 107.

After a careful review of the extended record, including both the written and oral arguments, this court is unable to see eye to eye with them.

Upon the contrary, in view of the proceedings actually had below in the present controversy, it concludes, rather, that appellants have no case, and that the judgment of the court below should be affirmed.

In the first place, that judgment was rendered upon what the court expressly found was "an agreed statement of facts"; that meant that upon the trials of both the condemnation suit and this suit the parties had, by oral and written stipulations, agreed upon the facts ruling both causes, and the court, independently, partly in faith thereof and partly on other evidence heard, found substantially, as follows: (1) That the Housing Authority had the right to condemn the property involved, that it was subject to such condemnation, and that a necessity for that procedure existed; (2) that the parties to the condemnation proceedings, to-wit: the Housing Authority, the condemner, the two Taylors, as the owners of the property, and the Tod group, the lien-holders against it, had all failed to agree on the amount of damages a condemnation would entail; (3) that after such failure to agree on the amount of damages, the condemner in writing filed with the County Judge of the County Court at Law in the condemnation proceeding a statement reiterating not only the substance of paragraphs (1) and (2) above herein, but specifically adding that such Housing Authority and owners and lienholders had been unable to agree on the value of the land or the damages; (4) that thereupon the Judge of the County Court at Law appointed three disinterested free-holders as special commissioners to assess such damages, who were duly sworn to assess them in accordance with law; (5) that these commissioners in all respects, as required by law, after first notifying and hearing all the interested parties and receiving all evidence they offered, duly in writing assessed the amount of such damages as had become due the owners of the property, whereupon the Housing Authority went into possession of it in the manner authorized by the condemnation statutes; (6) "That all proceedings taken in this cause have been taken, and all things required to be done, have been done in this cause, and the only issue to be determined between plaintiff and defendants is the value of the property taken and the damages sustained by defendants by such taking by plaintiff."

It thus undisputably appears that both sides to this controversy in both the County Court at Law on the condemnation trial

and in the district court trial here under review formally admitted all the matters of fact essential to such a condemnation as was had of the property, and then solemnly agreed that the only issue left between them with reference to it was the value of the property taken and the damages sustained by its owners from such taking by the appellee Housing Authority.

Just why such agreements upon the matters of fact at issue and the occurrence or not of the prescribed court procedure relating thereto are not binding upon all parties under Nos. 166 and 403, of the new rules of "Texas Civil Procedure", does not readily occur. It seems clear that appellants' cited authorities, insofar as they proscribe agreements in court between parties litigant, have no controlling effect here, because they were rendered upon facts not analogous to these; as contra to them; these holdings are thought to clearly sustain the validity and binding character of the recited agreements in this case, to-wit: Ortiz Oil Company v. Geyer, 138 Tex. 373, 159 S.W.2d 494; Ochoa v. Winerich Motor Sales Co., 127 Tex. 542, 94 S.W.2d 416; Messerole v. Messerole, Tex.Civ.App., 154 S.W.2d 189; Early v. Burns, Tex.Civ.App., 142 S.W.2d 260, writ refused; State Life Ins. Co. v. Duke, Tex. Civ.App., 69 S.W.2d 791; Fire Ass'n of Philadelphia v. Crawford, Tex.Civ.App., 54 S.W.2d 181; Provident National Bank v. Webb, 60 Tex.Civ.App. 321, 128 S.W. 426; Smith v. Leach, 70 Tex. 493, 7 S.W. 767; White v. McFarlin, 77 Tex. 596, 14 S. W. 200; Cushnig v. Smith, Tex.Sup., 12 S.W. 19.

■ In the next place, as already indicated, appellants so had their day in court as to the validity, regularity, and justice of the County Court at Law's judgment of condemnation against them; not only so, but they then availed themselves of it by removing that cause to this Court of Civil Appeals in a direct appeal, which they lost at the hands of both this court, and of the Supreme Court in its refusal of a writ of error to them; they were thereby precluded from relitigating that controversy, especially through a separate and subsequent trespass to try title proceeding, which this one was. White v. White, Tex. Sup., 179 S.W.2d 503; Security Trust v. Lipscomb County, Tex.Sup., 180 S.W.2d 151; Eliot v. Maney et al., Tex.Civ.App.,

134 S.W.2d 754; Paschall v. Renshaw, Tex.Civ.App., 142 S.W.2d 717; City of San Antonio v. Astoria, 128 Tex. 284, 96 S.W. 2d 783; Alexander v. Ft. Worth & D. S. P., Tex.Civ.App., 10 S.W.2d 266, writ dismissed; Hopkins v. Cravey, 85 Tex. 189, 19 S.W. 1067; Gulf, C. & S. F. Ry. Co. v. Ft. Worth & R. G. Ry. Co., 86 Tex. 537, 26 S.W. 54; Davidson v. Texas & N. O. Ry., 29 Tex.Civ.App. 54, 67 S.W. 1093; Johnston v. O'Rourke, Tex.Civ.App., 85 S. W. 501, writ refused; Muhle v. New York, T. & M. R. Co., 86 Tex. 459, 25 S.W. 606; McLennan County v. Miller, Tex.Civ.App., 257 S.W. 680.

Intrinsically, it seems plain to this court, the condemnation judgment against the appellant was not one absolutely void on its face, in the sense that the County Court at Law did not even have potential jurisdiction to consider or pass upon the declared upon cause of action therein, as was the situation in many of the appellants' relied upon authorities in this instance; here appellants' stated admissions in the County Court at Law expressly showed that all preliminary steps toward the condemnation had been taken, and that only the question of the value remained. On the legal equivalent of facts like those, our courts have quite generally upheld judgments in condemnation.

■ Appellant's further over-all contention that the condemnation judgment was void because it was in favor of John Tod Hamner, who had previously been dismissed out of the cause, is overruled without extended discussion, upon the finding and holding that on the date of the rendition of that judgment, his real interest in the controversy had entirely ended; however, appellants here, in their appeal from the condemnation judgment in the County Court at Law, did complain against and never in fact dismissed their action as against him; it would, therefore, seem that he was properly included in the final judgment of condemnation; but in any event, if his inclusion was erroneous, for the reason already indicated—that he had no substantial right involved, either in favor of or against any party, including himself—it would make no difference anyway. And he has not complained.

Pursuant to these conclusions, the judgment of affirmance will be entered.

Affirmed.